In re Richard T. GEVING and Marian J. Geving, Debtors.

Richard T. GEVING and Marian J. Geving, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 81–00540.

Adv. No. 85–0054.

United States Bankruptcy Court, D. Wyoming.

Sept. 4, 1985.

Ross D. Copenhaver, Copenhaver, Copenhaver & Kath, Powell, Wyo., for plaintiffs.

Toshiro Suyematsu, Asst. U.S. Atty., Cheyenne, Wyo., for defendant.

MEMORANDUM DECISION

HAROLD L. MAI, Bankruptcy Judge.

Debtors, Richard T. Geving and Marian J. Geving, filed an adversary complaint against the United States Internal Revenue Service, defendant, on May 1, 1985. Defendant filed its answer on May 28, 1985. On June 13, 1985, debtors filed a motion for summary judgment. On July 11, 1985, defendant filed a cross-motion for summary judgment.

The Internal Revenue Service filed a proof of claim in the bankruptcy case for $14,530.59, as a priority claim, for tax, interest, and penalties due up to December 28, 1981, the date the title 11 petition was filed. Trustee paid the priority claim in the full amount of $14,530.59.

Post-petition interest and penalties continued to accrue. Debtors asked trustee to pay post-petition interest and penalties. They also contend that such post-petition interest and penalties should be discharged under the discharge entered October 13, 1983. Trustee refused to pay post-petition interest and penalties.

11 U.S.C. Sections 502(b), 507(a)(7), and 726(a)(5), are pertinent to the issue of payment of tax claims. 11 U.S.C. Sec. 523(a)(1) relates to discharge of taxes.

█ A claim for unmatured (post-petition) interest is not allowed under 11 U.S.C. Sec. 502(b). If the estate has enough mon-

ey to pay all priority claims and all unsecured general claims in full, and there is a surplus, the trustee may then pay interest on the claims pursuant to 11 U.S.C. Sec. 726(a)(5).

 This question of post-petition interest may not be confused with discharge of a debt. The dividend paid out of the estate to a creditor has nothing to do with the discharge. If a debt is dischargeable, the creditor only receives a dividend from the estate (whether 100% or less than 100%), and the balance of the debt is discharged if the debt is one that is not excepted by 11 U.S.C. Sec. 523. On the other hand, if the debt is not dischargeable, the dividend received from the estate is credited against the debt and the debtor remains liable for the balance.

11 U.S.C. Sec. 523(a)(1) excepts from discharge taxes of the kind and for the period specified in Sec. 507(a)(7), which is for a taxable year ending on or before the date of filing of the petition for which a return, if required, is last due, including extensions, after three (3) years before the date of the filing of the petition (being taxes for the three (3) years preceding the petition filing date.

Thus, a priority claim may be filed for taxes, interest, and penalties for the three-year (3) period immediately preceding the filing date. Any part of such claim not paid by dividend from the trustee, together with interest and penalties accruing thereon after the petition is filed, is a debt not dischargeable by virtue of Sec. 523(a)(1).

In this adversary proceeding the law is clear that, although the priority proof of claim was paid in full, the entire debt for taxes, including post-petition interest and penalties, is not discharged. The payment received on the claim is then credited against the entire debt and any unpaid balance, being not discharged, is a continuing debt of the taxpayers/debtors.

There is no genuine issue of material fact and the United States Internal Revenue Service, defendant, is entitled to judgment in its favor as a matter of law.

Accordingly, the court concludes defendant's motion should be granted and plaintiffs' motion should be denied. The court further concludes the plaintiffs' complaint should be dismissed with prejudice.