In re Richard T. GEVING and Marion J. Geving, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Bankruptcy No. 81–00540.
Adv. No. 85–0054.
No. C85–0426–B.

United States District Court, Wyoming.

Dec. 24, 1986.

Ross D. Copenhaver, Copenhaver & Kahl, Powell, Wyo., for plaintiffs-appellants.

Robert K. Smith, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

## ORDER

BRIMMER, Chief Judge.

This matter came before the Court on the plaintiffs-appellants' appeal from an order of the Bankruptcy Court for the District of Wyoming, 93 BR 741. The Court, being fully advised in the premises, FINDS and ORDERS as follows:

In September of 1981, the IRS (appellee herein) filed a notice of lien with the County Clerk of Park County, Wyoming against the appellants' property for unpaid income taxes for the year 1980. The following December, the debtors (appellants herein) filed for bankruptcy, ultimately under Chapter 7. The IRS filed a claim for the amount of tax, plus penalties and interest, including both pre-and post-petition interest. The Trustee paid the priority claim for tax, interest and penalties for the time dating to the filing of the petition. Debtors were discharged, by order of the Bankruptcy Court dated October 21, 1983, as to debts dischargeable under section 523 of the Bankruptcy Code.

The IRS then asserted its claim for post-petition interest against the debtors, personally. The debtors moved for summary judgment against this claim in the Bankruptcy Court, contending that post-petition interest and penalties had been discharged and that the trustee was responsible for paying these claims. The IRS filed a cross-motion for summary judgment claiming that the tax claims were not dischargeable, and that they were entitled to pursue their claims for post-petition interest against the debtors personally.

The Bankruptcy Court ruled that the tax debt, including post-petition interest, was not dischargeable and that the remaining tax debt was a continuing debt of the taxpayers/debtors for which they were personally liable. Therefore, the Bankruptcy Court granted summary judgment for the IRS, and the debtors appealed to this Court.

First, the Court notes that it gives substantial weight to the Bankruptcy Court's rationale since it is an expert in the field of bankruptcy.

Second, the Court is in complete agreement with the bankruptcy court of North Dakota when it ruled:

It is settled law that Bankruptcy proceedings will not dispose of interest on Federal tax claims. This question has been laid to rest by the United States Supreme Court in *Bruning v. U.S.,* [376 U.S. 58, 84 S.Ct. 906, 11 L.Ed.2d 772] (1964) wherein the court held that an individual bankrupt (as opposed to the estate) remains personally liable for post-petition interest on tax claims. This rule has been followed in many later decisions. *See: In re Jaylaw Drug, Inc.,* 621 F.2d 524 (2d Cir.1980); *In re Marietta Baptist Tabernacle,* 13 B.R. 715 (Bankr.N.D.Ga.1981); and *In re Busman,* 5 B.R. 332 (Bankr.E.D.N.Y.1980). The foregoing cases clearly establish that interest survives and can be asserted against a debtor personally. *In re Turner,* 37 B.R. 376, 377 (Bankr.N.D. 1984).

*See also, U.S. v. River Coal Co.,* 748 F.2d 1103 (6th Cir.1984); *Schafer v. U.S.,* 353 F.Supp. 677 (D.Kan.1972).

The appellant attempts to distinguish *Bruning,* but to no avail; *Bruning* is exactly on point and rules in this case. *See* 3 L. King, ed. *Collier on Bankruptcy,* ¶ 523.06 (15th ed.1986), pp. 523-32, 523-33.

Third, the Court further notes that the Supreme Court has recently ruled that tax debts described in 11 U.S.C. § 523(a) are automatically nondischargeable from bankruptcy. *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 357, n. 4, 93 L.Ed.2d 216 (1986). Further, if the tax debt is nondischargeable, then the interest which flows from it is also nondischargeable. *Collier, supra,* at 523-33. Since this tax debt is properly within the scope of 523(a)(7), it is nondischargeable, and its related post-peti-

tion interest in also nondischargeable. The Court therefore finds that the debtor is personally liable for the post-petition interest on the IRS's claim.[1] Therefore it is

ORDERED that the Bankruptcy Court's order granting summary judgment for the IRS and denying summary judgment for the debtor, the Gevings, be, and the same hereby is, affirmed.

---

1. The Court notes that the debtors may be confused about the status of post-petition interest on tax debts in bankruptcy proceedings and recommends to them *Post-petition Interest on Tax Claims in Bankruptcy Proceedings,* 36 Tax Lawyer 793 (1983).