**UNITED STATES of America,
Appellant,**

v.

**Herbert D. BENSON, Appellee.**

**No. 86–1180–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

July 5, 1988.

Dysart, Taylor, Penner & Lay, Alex Lewandowski, Kansas City, Mo., for appellee.

David Detar Newbert, Asst. U.S. Atty., Kansas City, Mo., Tom Carlucci, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

James R. Schurman, Kansas City, Mo., for trustee.

**ORDER REVERSING DECISION OF THE BANKRUPTCY COURT AND REMANDING CASE TO BANKRUPTCY COURT**

BARTLETT, District Judge.

The United States appeals from the bankruptcy court's orders of June 23, and September 12, 1986, holding that the Internal Revenue Service (IRS) may not collect post-petition interest on nondischargeable pre-petition tax claims when the principal amount of the claims has been fully paid from the debtor's bankruptcy estate.

Bankruptcy Rule 8013 provides that on appeal the district court "may affirm, modify or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to adjudge the credibility of witnesses." The Advisory Committee Notes state that Rule 8013 accords to the findings of a bankruptcy judge the same weight given the findings of a district judge under Rule 52, Federal Rules of Civil Procedure.

A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). This court can neither undertake a *de novo* review nor reverse the bankruptcy court's findings merely because it would have decided the case differently. *Id.* However, the district court must independently determine questions of law or mixed questions of law or fact. *In the Matter of Multiponics*, 622 F.2d 709, 713 (5th Cir.1980); *In the Matter of Hammons*, 614 F.2d 399, 403 (5th Cir. 1980).

*Factual Background*

Through and including 1978, appellee Herbert Benson operated a sole proprietorship known as Benson Produce Company. On December 22, 1978, Benson, doing business as Benson Produce Company, filed a petition in the Bankruptcy Court for the Western District of Missouri under Chapter VII of the Bankruptcy Act. The court appointed a trustee and all properties, books and records of Benson Produce were turned over to the trustee. After liquidating the estate, the trustee deposited approximately $39,000 in an interest bearing account.

On July 5, and August 13, 1979, the Internal Revenue Service (IRS) filed claims against the estate for FICA and FUTA withholding taxes which Benson allegedly failed to pay before the Chapter VII petition was filed. On March 27, 1985, the bankruptcy court denied the IRS' claims against the estate for the prepetition taxes because they were not timely filed. On April 9, 1985, the IRS filed an Application for Modification.

Thereafter, the IRS initiated a collection action against Benson personally for the interest and penalties which had accrued on the pre-petition tax claims. Benson's application to the bankruptcy court for relief from the IRS' collection efforts was denied. Benson then applied to the bankruptcy court for an order abating the penalties for reasonable cause and directing the trustee to pay the accrued interest. On January 31, 1986, the court conducted a hearing on Benson's application.

In its order of June 23, 1986, 64 B.R. 128, the bankruptcy court allowed the IRS' tax claims. (Benson states without dispute from the United States that the trustee has paid the taxes.) In addition, the bankruptcy court ordered that Benson "has no further liability for taxes, penalty or interest assessed for the fourth quarter of 1978."

On July 3, 1986, the United States moved to alter or amend this decision insofar as it held Benson was not personally liable for the interest. In an order dated September 12, 1986, the court denied the United States' motion. 65 B.R. 148.

The United States' appeals from the bankruptcy court's June 23 and September 12, 1986, orders present the following question: Did the bankruptcy court err in ruling that the IRS may not collect from the debtor post-petition interest on nondischargeable pre-petition tax claims when the taxes have been paid by the bankruptcy estate?

### Discussion

In *Bruning v. United States*, 376 U.S. 358, 363, 84 S.Ct. 906, 909, 11 L.Ed.2d 772 (1964), the Supreme Court held that "post-petition interest on an *unpaid* tax debt not discharged by Section 17 [of the Federal Bankruptcy Act] remains, after bankruptcy, a personal liability of the debtor." (Emphasis added.) In that case, the debtor had failed to pay certain tax liabilities accruing during the fourth quarter of 1951. In early 1952, the debtor received an assessment from the IRS on the unpaid taxes. After the debtor filed a voluntary petition for bankruptcy, the IRS filed a claim for the taxes. Thereafter, the debtor was granted a discharge in bankruptcy. *Id.* at 358–59, 84 S.Ct. at 906–07.

In 1957, the debtor filed refund claims with the IRS for income taxes paid for the years 1953 and 1954. The IRS reduced the refunds paid to the debtor by the amount of interest on the 1951 tax liabilities that had accrued after the filing of the voluntary petition. *Id.*

The issue before the court was: "[W]hether the United States is entitled to recover, out of the assets acquired by a debtor after his adjudication of bankruptcy, post-petition interest on a tax assessment which [under Section 17 of the Federal Bankruptcy Act] was not discharged in the bankruptcy proceedings." *Id.* at 358, 84 S.Ct. at 907.

The court concluded that post-petition interest on a nondischargeable tax claim can be recovered from the debtor personally:

[I]t has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in a post-bankruptcy action brought against the debtor personally. In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

As the Court of Appeals noted, § 17 is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems—e.g., those of financing government—override the value of giving the debtor a wholly fresh start. Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy. The general humanitarian purpose of the Bankruptcy Act provides no reason to believe that Congress had a different intention with regard to personal liability for the interest on such debts.

.    .    .    .    .

The basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience. These reasons are inapplicable to an action brought against the debtor personally. In the instant case, collection of post-petition interest cannot inconvenience administration of the bankruptcy estate, cannot delay payment from the estate unduly, and cannot diminish the estate in favor of high interest creditors at the expense of other creditors.

*Id.* at 360–63, 84 S.Ct. at 908–09 (footnotes omitted).

In its order of June 23, 1986, the bankruptcy court stated: "In this case, there is no indication that the estate itself does not contain sufficient funds to pay the tax liability thus declared to be legal, a total of $3,719.12, in their totality. Therefore, the rule of *Bruning v. United States*, 376 U.S. 358, 361, 84 S.Ct. 906, 908, 11 L.Ed.2d 772 (1964) to the effect that the government has a right to 'continuing interest on an undischarged and *unpaid* tax liability' which survives the bankruptcy proceedings, has no applicability." Order at p. 8 (footnotes omitted) (emphasis in original). The bankruptcy court repeated this position in its September 12, 1986, order: "None of the appellate authority which has been cited by the United States contradicts the rule of *Bruning* to the effect that it is only *unpaid* tax liabilities which survive bank-

ruptcy and which earn the interest which must be paid by the taxpayer." Order at p. 3 (emphasis in original).

In *In re Johnson Electrical Corporation*, 442 F.2d 281 (2d Cir.1971), Johnson Electrical paid in full the amount of a tax claim which was nondischargeable under Section 17 of the Bankrputcy Act. Johnson Electrical did not, however, pay the interest which accrued on that tax claim after the bankruptcy petition had been filed. After the bankruptcy arrangement was confirmed, the IRS attempted to collect the interest from Johnson Electrical. The district court enjoined the IRS from taking any action to collect the interest. *Id.* at 282. On appeal, Johnson Electrical argued that *Bruning* did not apply because unlike the debtor in *Bruning*, Johnson Electrical had paid the entire underlying tax debt:

The only basis suggested for disregarding *Bruning* is that here the entire tax, apparently including pre-petition interest, was paid as a result of the Chapter XI proceeding, whereas in *Bruning* only a partial payment had been made.

*Id.* at 283.

The Second Circuit disagreed:

.    .    .    .    .

This distinction is not sufficiently substantial to warrant a different result. Either the filing of the petition stops the running of interest on federal tax claims against a bankrupt or it does not. In holding the latter, *Bruning* made clear that the reasons generally causing disallowance of claims for such interest against the bankrupt estate, to wit, "the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience," 376 U.S. at 362, 84 S.Ct. at 909, were inapplicable when a nondischargeable federal tax claim was asserted against the bankrupt himself.

.    .    .    .    .

To be sure, it can be argued that it is unfair to charge a bankrupt with interest during a period when his funds are in *custodia legis*. But often, perhaps even usually, the money is being used by the

debtor in possession or the trustee for a useful business purpose and there is thus no real hardship in the bankrupt's having to pay interest on a claim not subject to discharge. In any event the words of 26 U.S.C. § 6873(a) and § 17 of the Bankruptcy Act are too strict to leave room for judicial loosening in the service of a policy that at best is doubtful.

*Id.* at 284.

Similarly, in *Hugh H. Eby Co. v. United States,* 456 F.2d 923, 925 (3rd Cir.1972), the Eby Company argued that the district court "erred in applying *Bruning*" because "the taxes were paid in full here whereas they were not so paid in *Bruning.*" The Third Circuit rejected this argument:

> That the underlying taxes were later paid in full here does not affect the fact that appellant had the use of the Government's money during the pendency of the reorganization proceeding, and that since the underlying debt is not discharged by operation of Section 17 of the Bankruptcy Act, 11 U.S.C. § 35 (1964), neither is the interest which accrues by reason of the use of such money during the pendency of the proceedings. *See* 376 U.S. at 360, 84 S.Ct. 906, 11 L.Ed.2d 772.

*Id.*

Other courts have also rejected the argument that the rule in *Bruning* is inapplicable to situations where the underlying tax liability has been paid. *See, e.g., In re Marietta Baptist Tabernacle,* 13 B.R. 715, 24 C.B.C. 505 (B.Ct.N.D.Ga.1981); *Schafer v. United States,* 353 F.Supp. 677 (D.Kan. 1972). *See also* 3A Collier on Bankruptcy ¶ 63.16 n. 48.2 (14th Ed.) ("There appears no reason why it should make a difference whether the principal amount is paid in full or not. Even if it has been paid, the interest remains owing and the rule of *Bruning* would certainly seem to apply.").

Accordingly, the bankruptcy court should not have ignored the rule in *Bruning* solely because the nondischargeable

pre-petition tax claims had been paid by the estate.[1] As in *Bruning,* Benson had the use of the United States' money during the pendency of the bankruptcy proceeding. Therefore, the bankruptcy court should have concluded that Benson is personally liable to the United States for post-petition interest accrued on the nondischargeable tax claims paid by his estate.

Accordingly, it is hereby ORDERED that:

1) the bankruptcy court's orders of June 23, 1986, and September 12, 1986, are reversed; and

2) this case is remanded to the bankruptcy court for action consistent with this order.

---

1. The bankruptcy court's reliance on 26 U.S.C. §§ 6658 and 6873(a) is misplaced. Section 6658 pertains to penalties and not interest which is the subject of this case. Section 6873(a) pertains to claims for *taxes* unpaid "after the termination" of a receivership proceeding. Here, the taxes were paid; the dispute is over post-petition interest.