**In re Douglas J. REICH, SS# 387–42–9637, Debtor.**

**Douglas J. REICH, Petitioner–Appellee,**

v.

**UNITED STATES of America, Respondent–Appellant.**

**Civ. A. No. 86–B–2402.**

United States District Court, D. Colorado.

May 2, 1989.

Christine J. Jobin, Katch, Anderson & Wasserman, Denver, Colo., for Douglas J. Reich.

Mark G. Fraase, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Albert Hoffman, Michael J. Norton, Acting U.S. Atty., Denver, Colo., for U.S.

Alan Harper, Denver, Colo., U.S. Trustee.

ORDER

BABCOCK, District Judge.

Respondent, the United States of America (U.S.), appeals the Bankruptcy Court's memorandum opinion and order dated October 28, 1986, 66 B.R. 554 (Bkrtcy.D.Colo. 1986), denying the post-petition interest as collectible from petitioner Douglas J. Reich (Reich) personally. The order is reversed and the cause is remanded with directions.

The sole issue is whether a debtor's liability for post-petition interest on a nondischargeable tax claim survives a discharge in bankruptcy as a personal liability, regardless of whether such claim has been fully paid from the bankruptcy estate.

*In re Geving,* 93 B.R. 741 (Bkrtcy.D. Wyo.1985), *aff'd sub nom. Geving v. U.S.,* 93 B.R. 742 (D.Wyo.1986), *aff'd per curiam* No. 87–1086, 1988 WL 156814 (10th Cir., Sept. 2, 1988) is controlling. As stated in *In re Hanna,* 872 F.2d 829 (8th Cir. 1989):

"Taken together, sections 502 and 523 [of the Bankruptcy Code] simply demonstrate Congress' intent to codify the general principle that applied under Bruning. Postpetition interest is disallowed against the bankruptcy estate under section 502. Priority tax claims remain nondischargeable for individual debtors. Under both the Act and the Code, Congress attempted to balance the interests of the debtor, creditors and the government, and in the instance of taxes and interest on such, Congress has determined that the problems of financing the government override granting debtors a wholly fresh start. (citations omitted). Thus, postpetition interest is nondischargeable, and the Hannas remain per-

sonally liable for that interest subsequent to bankruptcy proceedings."

*Id.* at 831.

Accordingly, it is ORDERED that the Bankruptcy Court's memorandum opinion and order dated October 28, 1986 holding that post-petition interest on a pre-petition tax claim is not enforceable as a continuing nondischargeable personal obligation of the debtor is reversed.

It is FURTHER ORDERED that the cause is remanded to the Bankruptcy Court to determine the amount of post-petition interest due on Reich's pre-petition priority tax and to allow the U.S.'s claim for such interest.