**In re Emmett E. WOODWARD, Debtor.**

**Emmett E. WOODWARD, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 685–08779–R7.
Adv. No. 689–6079–R.

United States Bankruptcy Court, D. Oregon.

April 13, 1990.

Michael W. Doyle, Perrin, Gartland & Doyle, Eugene, Or., for plaintiff.

Mark E. Nebergall, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the defendant's motion to dismiss the plaintiff's complaint and amended complaint.

## BACKGROUND

Plaintiff, the debtor herein, filed his complaint in May, 1989 seeking a declaration that he has no liability to pay accrued post-petition interest and penalties on pre-petition income tax claims of the Internal Revenue Service. In addition, plaintiff sought a judgment against the defendant in the amount of $27,875.61 representing post-petition tax refunds, plus interest thereon. In its motion to dismiss, the defendant contended (and still contends) that this court lacks jurisdiction to enter a money judgment for the post-petition tax refunds against the defendant. In December, 1989, plaintiff filed an amended complaint in which he now seeks turnover of the post-petition tax refunds.

The defendant has moved to dismiss both the complaint and the amended complaint on the basis that the complaint fails to state a claim for relief and that this court lacks jurisdiction to enter either a money judgment against the defendant for the amount of the post-petition tax refunds or to order the turnover of said funds. At the hearing held on the motion to dismiss, however, this court found that the plaintiff's first claim for relief (in which the plaintiff has requested declaratory relief, declaring that he has no liability for post-petition interest and penalties on pre-petition tax liabilities) is a core proceeding as defined in 28 U.S.C. § 157. This court deferred any ruling on the jurisdictional questions presented as to the plaintiff's second and third claims for relief (for judgment or turnover) pending a resolution of that portion of the plaintiff's complaint seeking declaratory relief.

## FACTS

It is well settled that the defendant's motion to dismiss the plaintiff's complaint, filed pursuant to FRCP 12 (BR 7012), admits all of the allegations of the complaint and any reasonable inferences that can be drawn therefrom for the limited purpose of ruling on the motion. *Tenopir v. State Farm Mutual Co., (In re Tenopir)*, 403 F.2d 533 (9th Cir.1968).

The operative facts as alleged in plaintiff's complaint (amended complaint) are as follows. On October 31, 1985, plaintiff filed his petition for relief herein under Chapter 11 of the Bankruptcy Code. On April 10, 1987, this case was converted to a Chapter 7 proceeding. The defendant has filed an amended proof of claim for pre-petition personal income taxes for the years 1981–1984 in the approximate amount of $49,000.

There have always been sufficient assets in the estate to pay the pre-petition, priority taxes due to the defendant as set forth above. The defendant seeks to recover from plaintiff, personally, late payment penalties and interest that have accrued post-petition in an amount exceeding $12,000.

Plaintiff has overpaid his federal income tax liability for the years 1985, 1986 and 1987 by $27,875.61. The defendant has retained those funds to secure payment of the plaintiff's liabilities for pre-petition and post-petition taxes, penalties and interest. The pre-petition tax debts are priority claims. All pre-petition taxes, including pre-petition interest and penalties will be paid in full by the estate herein. The estate will not pay interest and penalties that accrued post-petition.

## ISSUE

Does the plaintiff-debtor remain personally liable for interest and penalties that have accrued post-petition on priority tax claims where the estate has sufficient assets to pay the priority claims in full and the delay in payment has been caused by the bankruptcy process, not by the fault of the plaintiff?

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 United States Code, unless otherwise indicated.

The real question is whether or not the plaintiff's discharge is effective to block the collection of the post-petition interest and penalties by the defendant.

Generally, a discharge operates as an injunction against the commencement or continuation of an action to collect, recover or offset any debt as a personal liability of the debtor assuming the underlying debt has been discharged. § 524(a)(2). Section 523(a), however, excepts from discharge any debt for a tax if the tax is a priority claim as defined in § 507(a)(7). Here, the tax claims in question are priority tax claims.

> If a debt is dischargeable, the creditor only receives a dividend from the estate ..., and the balance of the debt is discharged if the debt is one that is not excepted by 11 U.S.C. § 523. On the other hand, if the debt is not dischargeable, the dividend received from the estate is credited against the debt and the debtor remains liable for the balance. *In re Geving*, 93 B.R. 741, 742 (Bankr.D.Wyo. 1985) [1].

## POST–PETITION INTEREST

It is clear that the defendant would have no valid claim against the estate for the post-petition interest and penalties in this case, See § 502(b)(2).

Under the Bankruptcy Act, however, the law was well settled that a debtor remains personally liable for post-petition interest on an unpaid tax debt that was not discharged in a bankruptcy proceeding. *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed 2d 772 (1964). In that case the Supreme Court stated: "Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy." 376 U.S. at 360, 84 S.Ct. at 907. The court noted a distinction between claims against the estate and claims against the debtor personally explaining its rationale as follows:

> The basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience.

> These reasons are inapplicable to an action brought against the debtor personally. In the instant case, collection of post-petition interest cannot inconvenience the administration of the bankruptcy estate, cannot delay payment from creditors at the expense of other creditors.... Here, we find the reasons— and thus the rule—inapplicable, and we hold that post-petition interest on an unpaid tax debt not discharged by § 17 remains, after bankruptcy, a personal liability of the debtor. 376 U.S. at 362, 363, 84 S.Ct. at 908, 909. (Footnote omitted)

The plaintiff relies heavily upon *Irvin v. United States, (In re Irvin)*, 95 B.R. 1014 (Bankr.W.D.Mo.1989). The facts in *Irvin* are similar to the facts of this case. There, the pre-petition tax claim was paid, in full, by the trustee. After the debtors received their discharge, the IRS sought to collect post-petition late payment penalties and interest.

The *Irvin* court held that the debtors were not liable to the Internal Revenue Service for post-petition interest and penalties on their otherwise non-dischargeable tax obligation. It reasoned as follows.

---

**1.** Affirmed on appeal, *In re Geving*, 93 B.R. 742 (D.Wyo.1986); *In re Geving*, 89–1 U.S.T.C.

¶ 9206 (10th Cir.1988)

First, the court reasoned that the adoption of the Bankruptcy Tax Act of 1980[2], changed the analysis of post-petition penalties and interest from that which existed under the Bankruptcy Act. Second, it relied upon equitable factors which it claimed the Bankruptcy Code permits.

Virtually nowhere, among the entire gamut of grounds for non-dischargeability, is application of equitable principles more justified than in actions like that at bar, in which, without the amelioration which the employing of equitable principles will bring the debtors might well have to pay interest due to a delay in payment caused solely by a trustee's negligently deferring payment and in no wise caused by the debtors whom the law might otherwise penalize. 95 B.R. at 1021

The *Irvin* court relied, in part, on 26 U.S.C. § 6658 a section of the Bankruptcy Tax Act prohibiting the imposition of post-petition penalties on pre-petition taxes. From that, the *Irvin* court determined that the purpose of 26 U.S.C. § 6658 is to prevent the debtors from being penalized for the delay inherent in the bankruptcy process. Accordingly, it determined that the statute should be applied to post-petition interest as well as post-petition penalties. While there is logic to this conclusion, it appears that the extension of the statute to post-petition interest is not warranted.

26 U.S.C. § 6658 provides in pertinent part as follows:

(a) **Certain failures to pay tax.**—No addition to the tax shall be made under section 6651, 6654, or 6655 for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code—...

(2) if—

(A) such tax was incurred by the debtor before the ... order for relief ... and ...

(ii) the date for making the addition to the tax occurs on or after the day on which the petition was filed....

On its face, the statute prohibits the imposition of post-petition penalties (while a bankruptcy case is pending) on a pre-petition tax debt. In addition, the legislative history concerning the statute makes no mention of post-petition interest. The committee report, in pertinent part, provides as follows:

The Internal Revenue Code (secs. 6651, 6654, and 6655) imposes *penalties* for failure timely to pay certain taxes, unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. Under bankruptcy rules, a debtor or the trustee of a bankruptcy estate may be precluded from timely paying certain taxes after commencement of the bankruptcy proceedings.

**Reasons for change.**

The committee believes that *penalties* should not be imposed for failure to timely pay certain taxes to the extent that bankruptcy proceedings preclude payment of such taxes when due.

**Explanation of Provision.**

Section 6(e) of the bill [§ 6658 of the code] relieves the debtor or the trustee from *penalties* which otherwise might be applicable under sections 6651, 6654, or 6655 of the code for failure timely to pay certain taxes, with respect to a period during which a bankruptcy case is pending, to the extent that the bankruptcy case precludes payment of such taxes when due.

1980 *U.S.Code Cong. & Admin.News* 7017, 7064. (Emphasis added.)

Finally, in an earlier district court opinion arising out of the same district, a district court reversed the bankruptcy court on similar facts, noting that the bankruptcy court's reliance on 26 U.S.C. § 6658 was misplaced since the statute pertained only to penalties and not interest. *United States v. Benson,* 88 B.R. 210 (W.D.Mo. 1988).

Turning to the "equitable factors" utilized by the court in *Irvin,* the decision appears to be an aberration of well estab-

---

**2.** Pub.L. No. 96–589, 94 Stat. 3408 (1980).

lished case law. Even the *Irvin* court acknowledged:

> There can be little question that the virtually-undisturbed course of the existing law holds that post-petition interest is chargeable to debtors on non-dischargeable tax obligations. 95 B.R. at 1016.

Although the *Irvin* court is not the only bankruptcy court which has ruled in favor of the debtors on this issue, its position represents a small minority of cases. In many cases, bankruptcy courts that have ruled in favor of the debtors on this issue have been reversed. See *In re Frost*, 19 B.R. 804 (Bankr.Kan.1982), *rev., In re Frost*, 47 B.R. 961 (D.Kan.1985); *In re Reich*, 66 B.R. 554 (Bankr.D.Colo.1986), *rev., In re Reich*, 107 B.R. 299 (D.Colo.1989).

Most of the courts that have considered this issue have decided that the *Bruning* rationale is still applicable under the Bankruptcy Code. See *Cline v. Internal Revenue Service, (In re Cline)*, 100 B.R. 660 (Bankr.W.D.N.Y.1989), *Hanna v. United States, (In re Hanna)*, 872 F.2d 829 (8th Cir.1989).[3]

Accordingly, this court concludes that the plaintiff remains liable for accrued post-petition interest on the defendant's pre-petition, priority, tax claim.

### POST–PETITION PENALTIES

The defendant concedes that the Supreme Court decision in *Bruning* did not expressly deal with the issue of the debtor's personal liability for accrued post-petition tax penalties. The defendant correctly argues, however, that later cases have extended the *Bruning* rationale to the tax penalty issue as well. See *Jaylaw Drug, Inc. v. United States, (In re Jaylaw Drug, Inc.)*, 621 F.2d 524 (2nd Cir.1980) and *Hanna v. United States, (In re Hanna)*, supra.

These cases did not consider, however, the limiting effect upon the government of

26 U.S.C. § 6658. This statute clearly provides that no penalties shall be added to the tax while a case is pending in bankruptcy if the tax is a pre-petition tax, i.e. "incurred by the debtor before the order for relief" and the penalties are post-petition, i.e. "the date for making the addition to the tax occurs on or after the day on which the petition was filed."

Accordingly, this court concludes that the plaintiff is not liable for accrued post-petition penalties on the defendant's pre-petition tax claim incurred during the period that this bankruptcy case is pending.

### CONCLUSION

This court concludes that the defendant's motion to dismiss plaintiff's first claim for relief is well taken insofar as the allegations concerning post-petition interest are concerned and in that respect plaintiff's complaint fails to state a claim for relief. The defendant's motion is not well taken, however, concerning the allegations relating to post-petition penalties, therefore, defendant's motion shall be denied and an order consistent herewith shall be entered.

---

3. In a recent decision arising out of this district concerning a debt which was held non-dischargeable under § 523(a)(6) (willful and malicious injury), Judge Perris noted that: ... "[a]ncillary obligations such as ... interest may attach to the primary debt; consequently, their status depends on that of the primary debt and such ancillary obligations are nondischargeable if the primary debt is nondischargeable." (Citations omitted). *Lewis v. Stebbeds, (In re Stebbeds)*, (slip op. p. 6) Case No. 388–02592–P7, Adv. No. 88–0389 (Bankr.D.Or.1989), 1989 WL 222469.