In re William F. IRVIN and Nancy K. Irvin, Debtors.

William F. IRVIN and Nancy K. Irvin, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 89–0341–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Nov. 26, 1990.

---

Stephen B. Strayer, Liberty, Mo., for plaintiffs.

Charles S. Kennedy, III, Office of Sp. Litigation, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

SACHS, Chief Judge.

The United States has appealed the Bankruptcy Court's order in the matter of William F. Irvin and Nancy K. Irvin, Bankruptcy No. 82–02594–3, Adversary No. 88–0686–3 (Bkrtcy.W.D.Mo.), in which it was denied the ability to collect post-petition penalties and interest on non-dischargeable tax debts from the debtors' after-acquired property. The bankruptcy petition in this case was filed by the debtors on August 12, 1982, and on February 27, 1985, the United States was granted a priority claim for delinquent taxes. The claim was paid in full by the bankruptcy trustee. Subsequently, the United States attempted to collect penalties and interest which accrued on the debtors' pre-petition tax liability stemming from unpaid employment taxes for the fourth quarter of 1981 and from unpaid unemployment taxes for the year 1981. On February 13, 1989, the Bankruptcy Court in an adversary proceeding brought by the debtors found that the debtors had no liability for post-petition interest and penalties on nondischargeable tax obligations. 95 B.R. 1014. The United States

urges this court to reverse the Bankruptcy Court on this issue, claiming that its finding is erroneous and contrary to existing law.

■ The appropriate standard of appellate review in this case is governed by Bankruptcy Rule 8013, which provides that a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings. Findings of fact should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to adjudge the credibility of witnesses." The Advisory Committee Notes state that Rule 8013 accords to the findings of a bankruptcy judge the same weight given to the findings of a district judge under Rule 52 of the Federal Rules of Civil Procedure. Simply because this court would have decided the case differently is not a justification for reversing the bankruptcy court's findings. *Anderson v. City of Bessemer, N.C.,* 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). However, the district court must independently determine questions of law or mixed questions of law or fact. *In the Matter of Hammons,* 614 F.2d 399, 403 (5th Cir.1980).

■ The debtors argue that because the unpaid taxes were paid in full by the bankruptcy trustee, the United States should not be allowed to collect interest and penalties on these obligations from the debtors' after-acquired property. They claim that to do so would be to penalize them for using the bankruptcy process. Furthermore, they argue that because the bankruptcy process itself was the cause for delay in payment, cases which allow the recovery of penalties and interest due to a debtor's refusal to pay are inapposite. The debtors in this case did not benefit from

the delay because their funds were in the hands of the trustee; therefore, they should not be penalized by the delay.

In *United States v. Benson,* 88 B.R. 210 (W.D.Mo.1988), Judge Bartlett rejected the debtor's argument that he should not be liable for post-petition penalties and interest because the priority tax claim was fully paid by the trustee. Relying on *Bruning v. United States,* 376 U.S. 358, 363, 84 S.Ct. 906, 909, 11 L.Ed.2d 772 (1964), the Court held that there was no reason to make a distinction between a situation where taxes had gone unpaid and one in which a trustee had fulfilled the tax obligation when determining whether the debtor should be liable for penalties and interest on the delinquent obligation. Even when the bankruptcy trustee has honored a priority tax claim of the United States, the penalties and interest nonetheless remain owing as part of the nondischargeable debt. *Benson,* 88 B.R. at 213. Furthermore, where a debt is owed before the bankruptcy petition is filed, as in *Bruning, Benson,* and the case at hand, it cannot be said that the debtor is not responsible for the delay. *See Bruning,* 376 U.S. at 360, 84 S.Ct. at 907. The debtor is not being penalized for his assertion of the bankruptcy process, but for his failure to pay before the bankruptcy process was utilized.[1]

■ The debtors in this case argue that *Bruning* and *Benson* can be distinguished because they were decided pursuant to Section 17 of the Federal Bankruptcy Act, which provided, "A discharge in bankruptcy shall release a bankrupt from all of his provable debts ... except such as (1) are due as a tax levied by the United States...." The court in *Bruning* determined that it was Congress' intent with this section to impose personal liability for interest on a continuing tax debt, holding

---

1. In *In re Woodward,* 113 B.R. 680 (Bkrtcy.D.Or. 1990), the court declined to follow Judge Stewart's holding in *In re Irvin,* 95 B.R. 1014 (Bkrtcy. W.D.Mo.1989), which disallowed post-petition interest and penalties to be claimed by the United·States. The Oregon court recognized that Judge Stewart's decision represented a very small minority of courts which disallowed such claims, stating, "the decision appears to be an

aberration of well established case law." 113 B.R. at 683–684. The court also noted that in several instances, bankruptcy courts that have ruled in favor of the debtors on the issue of post-petition interest and penalties have been reversed. *See, e.g., In re Frost,* 19 B.R. 804 (Bkrtcy.D.Kan.1982), *reversed,* 47 B.R. 961 (D.Kan.1985).

that financing the Government in this instance outweighs the value of giving the debtor a fresh start. 376 U.S. at 361, 84 S.Ct. at 908. The appellees, however, contend that because the case at bar must be decided pursuant to the Bankruptcy Tax Act, a different result is justified. Section 6658 of the Bankruptcy Tax Act provides:

(a) **Certain failures to pay tax.** No addition to the tax shall be made under sections 6651, 6654, or 6655 for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code....

(2) if—

(A) such tax was incurred by the debtor before the earlier of the order for relief or (in an involuntary case) the appointment of a Trustee, and

(B)(i) the petition was filed before the due date prescribed by law (including extensions) for filing a return of such tax, or

(ii) the date for making the addition to the tax occurs on or after the day on which the petition was filed.

The appellees contend that § 6658 makes it illegal for the United States to attempt to collect penalties and interest which accrued after the bankruptcy petition was filed. They argue that the above section evidences Congress' intent to give the debtor a fresh start rather than to finance the Government. However, appellees have disregarded the legislative history of § 6658, which provides, "These relief rules do not, however, apply with respect to liability for penalties for failure timely to pay or deposit any employment tax required to be withheld by the debtor or trustee." S.Rep. No. 1035, 96th Cong., 2d Sess., *reprinted in* 1980 *U.S.Code Cong. & Admin.News,* 7017, 7064. In this action, the United States is seeking penalties and interest owing for unpaid employment and unemployment taxes. It appears to have been Congress' intent to except post-petition penalties and interest on unpaid employment taxes from the provisions of § 6658. Furthermore, the case relied on by the appellees on this point, *In re Reich,* 66 B.R. 554 (Bkrtcy.D.Colo.1986), has been reversed.

*See In re Reich,* 107 B.R. 299 (D.Colo.1989) (debtor's liability for post-petition interest on a nondischargeable tax claim survives a discharge in bankruptcy as a personal liability, regardless of whether such claim has been fully paid from the estate).

■ Appellees contend that there are other reasons to uphold Judge Stewart's order denying the United States the ability to collect post-petition interest and penalties. First, they contend that res judicata bars this court's entry of judgment for the United States. However, review of the relevant documents reveals that the claims in the earlier proceedings were made against the bankruptcy estate rather than against the debtor personally. The issue of whether or not the United States can recover against after-acquired property of the debtors is not affected by an order in the earlier proceeding. Furthermore, the United States couldn't have asserted a claim for post-petition penalties and interest against the appellees' estate because they would have been disallowed as unmatured claims under 11 U.S.C. § 502(b)(2).

Appellees also argue that the settlement agreement between the two parties bars the United States from seeking post-petition penalties and interest. However, the settlement agreement, which was executed in the context of the priority claim for the unpaid taxes themselves, only reaches the debtors' pre-petition liability, that is, payment to the United States from the estate. It did not affect after-acquired property.

■ Furthermore, the debtors assert that any post-petition liability would be a general unsecured debt and thus would have been discharged. For this proposition, debtors cite *In re Reich,* 66 B.R. 554 (Bkrtcy.D.Colo.1986). However, in *In re Reich,* 107 B.R. 299 (D.Colo.1989), the United States District Court for the District of Colorado reversed the Bankruptcy Court's decision on this point, holding that post-petition interest on a nondischargeable tax claim was similarly nondischargeable as a part of the claim. In so doing, the Colorado court relied on precedent established by *In re Hanna,* 872 F.2d 829 (8th Cir.1989).

The Eighth Circuit held in *Hanna* that it was the intent of Congress to allow such post-petition claims because the problems of financing a Government override the policy of giving debtors a fresh start. 872 F.2d at 831.[2] The debtor's final argument, that 26 U.S.C. § 6724(a) requires abatement of post-petition penalties because the delay in payment was due to reasonable cause, is similarly without merit. Section 6724 only applies to penalties assessed pursuant to Part II of the Internal Revenue Code. Penalties assessed in this case are asserted under § 6651, which is found in Part I of the Code.

Thus, because the order of the Bankruptcy Court in this case is contrary to established precedent, this court concludes that the decision in the previous case was clearly erroneous. Appellees in this case are, therefore, liable to the United States for post-petition penalties and interest on prepetition tax liabilities.[3]

Accordingly, it is hereby

ORDERED that the decision of the Bankruptcy Court in the matter of William F. Irvin and Nancy K. Irvin, Adversary No. 88–068603, is hereby REVERSED. It is further

ORDERED that appellant United States submit within thirty (30) days of the date of this order an assessment of penalties and interest owed on the post-petition claim as of the date of this order.

---

**2.** Appellees urge this court to disregard *Hanna* because it dealt with a situation where the tax liability of the debtor was not paid by the bankruptcy trustee. However, this court is guided by Judge Bartlett's decision in *United States v. Benson,* 88 B.R. 210 (1988) which rejected the paid/unpaid distinction. This court respects the decisions of other judges in the district, *United States v. Servaes,* 608 F.Supp. 775, 780 n. 2 (W.D.Mo.1985), and thus declines to deviate from the precedent established by Judge Bartlett.

**3.** Although *Bruning* and *Benson* only applied to personal liability of the debtors with respect to unpaid interest, their rationale has been extending to the tax penalty issue as well. *In re Hanna,* 872 F.2d 829 (8th Cir.1989); *Jaylaw Drug, Inc. v. United States,* 621 F.2d 524 (2d Cir.1980).