**In re Bingham R. FOX, d/b/a Raintree Products, and Barbara A. Fox, Debtors.**

**Bankruptcy No. 90–00275.**

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Aug. 21, 1991.

572

Richard G. Birinyi, Shulkin, Hutton & Bucknell, Inc., Seattle, Wash., for debtors.

Michael R. McManon, Asst. U.S. Atty., Seattle, Wash., for U.S. I.R.S.

## OPINION

SAMUEL J. STEINER, Chief Judge.

### ISSUE & DISCUSSION

The United States of America (Internal Revenue Service) has objected to the debtors' plan of reorganization.

The issue is whether the discharge of an individual Chapter 11 debtor covers interest and penalties on prepetition priority tax claims that accrue post-petition and up to the date of confirmation. The debtors' plan provides for full payment of prepetition priority taxes, interest, and penalties. The plan does not provide for payment of post-petition, preconfirmation interest or penalties on the prepetition tax. The debtors take the position that these accruals are discharged by confirmation of the plan. The IRS contends that post-petition interest and penalties survive the discharge and can be collected from the debtors.

The discharge of a Chapter 11 debtor is governed by § 1141(d) of the Bankruptcy Code. Section 1141(d) provides in relevant part as follows:

(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation ...

(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

Section 523(a) excepts from discharge any debt "for a tax ... of the kind and for the periods specified in section ... 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed." Section 523(a)(7) provides that tax penalties are nondischargeable.

The IRS maintains that the debtors' nondischargeable tax liability includes post-petition interest and penalties, relying on *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), and its progeny. *Bruning* was a Chapter VII case arising under the Bankruptcy Act. The IRS filed a claim and had received a small distribution from the estate. After the bankrupt received his discharge, the IRS proceeded to collect the remainder of the unpaid tax debt, including interest that had accrued post-petition. The bankrupt asserted that the rule disallowing claims against the estate for post-petition interest also operates to discharge the bankrupt from personal liability for such interest, even though the underlying tax debt is not discharged. Rejecting this argument, the Court explained that the purpose of the rule disallowing claims against the estate for post-petition interest is to promote administrative convenience and ensure equality of treatment of claims where the estate is insufficient to pay all claims in full. The rule does not technically prevent interest from running post-petition, since post-filing interest is indeed payable from a solvent estate. Thus the reasons for the general rule against post-filing interest do not apply in an action against the bankrupt personally. As such, the Court held that

"post-petition interest on an unpaid tax debt not discharged by § 17 remains, after bankruptcy, a personal liability of the bankrupt." *Id.* at 363, 84 S.Ct. at 909.

The debtors contend that *Bruning* should be confined to Chapter 7 cases and not be extended to Chapter 11 cases.

The IRS notes that the *Bruning* holding was followed in two cases under Chapter XI of the Act; *In re Jaylaw Drug, Inc.,* 621 F.2d 524 (2nd Cir.1980), and *United States v. River Coal Co., Inc.,* 748 F.2d 1103 (6th Cir.1984). One Bankruptcy Court has determined that it applies to Chapter 11 Bankruptcy Code cases as well. *In re Cline,* 100 B.R. 660 (Bankr.W.D.N.Y.1989).

The debtors have advanced a number of arguments in favor of their position. On the issue of interest, they note first that the Code defines "debt" as "liability on a claim," and further that claims for unmatured interest are disallowed against the estate under § 502(b)(2). The debtors contend that this limitation extends to § 523, so that a debt is nondischargeable only to the extent that a claim on such debt would have been allowable in the bankruptcy. This argument was advanced in *Bruning.* The Court rejected it, noting that the rule disallowing claims for post-petition interest is based on administrative convenience and equality of treatment and does not apply to claims against the debtor personally.

Second, the debtors note that the discharge provisions of Chapter 7 and Chapter 11 differ as to timing, the distinction being that a Chapter 7 discharge operates as to debts that arose before the date of filing, while a Chapter 11 discharge covers debts that arose before the date of confirmation. The contention is that post-petition interest on a nondischargeable debt is not dischargeable in a Chapter 7 for the reason that it accrues post-discharge. According to the debtors, this premise should have been the basis for the *Bruning* holding. Stated another way, the debtors maintain that date of discharge is the first date on which the taxing authority can commence charging interest against a debtor on the nondischargeable claim. Since the Chapter 11 discharge occurs at confirmation, it follows that the IRS cannot begin charging interest on prepetition taxes in a Chapter 11 until the date of confirmation. If *Bruning* had in fact turned on the timing of the discharge, the debtors' argument might be persuasive. However, as indicated above, the *Bruning* Court based its decision on a much different premise, and the debtors' argument therefor fails.

Next, the debtors raise a further difference between Chapter 7 and Chapter 11. In Chapter 7, a clear distinction exists between the estate and the discharged debtor, such that interest may continue to run against the debtor and not against the estate. Citing *N.L.R.B. v. Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), the debtors contend that the debtor-in-possession and the Chapter 11 estate are the same entities, and thus § 502(b) restrictions against post-petition interest apply to both. In *In re Jaylaw Drug, Inc.,* 621 F.2d 524 (2nd Cir.1980), a case arising under Chapter XI of the Bankruptcy Act, the Second Circuit discussed this problem as follows:

> In ordinary bankruptcy there is a sharp distinction between the estate and the bankrupt. The estate, after payment of administration expenses, is distributed to creditors; the bankrupt emerges with none of the assets of the estate and continues with only exempt and after-acquired assets which had never formed part of it. In arrangements the situation is more complex. In some arrangements a major part of what had been the "estate" continues to remain in the hands of the arranged debtor. In such cases the rule that while post-petition interest cannot be collected form the "estate", it can be collected from the former debtor after the Chapter XI proceeding has terminated, may appear to be lacking in reality.

*Id.* at 527. Thus the Court recognized the anomaly. However, it did not view this concern as providing sufficient basis for departing from the *Bruning* line of cases, since "Congress was at pains to exclude from § 371, the discharge provision of Chapter XI, 'such debts as, under section 17 of this Act, are not dischargeable.'" *Id.* at 527. The *Bildisco* case is not on point and does not compel a contrary result.

The same issue was addressed in *In re Cline*, 100 B.R. 660 (Bankr.W.D.N.Y.1989), a Chapter 11 case arising under the Code. The *Cline* Court concurred with *Jaylaw* and held that, while the distinction between the estate and the individual lacks reality in the Chapter 11 context, post-petition interest on nondischargeable tax obligations is nevertheless also nondischargeable under § 1141.

In support of their argument, the debtors cite *In re Miller*, 100 B.R. 898 (Bankr. N.D.Ohio 1989), and *In re Richards*, 50 B.R. 339 (E.D.Tenn.1985). In both of these cases, the IRS urged the Courts to impose on Chapter 13 the same exceptions to discharge that are applicable in Chapter 7. The Courts refused to do so, concluding that Congress intended a broader discharge in Chapter 13 than in Chapter 7. The debtors contend that the Chapter 11 discharge is likewise broader than the Chapter 7 discharge. This is simply not the case. Section 1141 provides that "the confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." On the other hand, the only exceptions to the Section 1328(a) discharge are long-term debt, family support, student loans, death or injury caused by the debtor's driving while intoxicated, and criminal restitution. Further, § 523(a) is applicable by its terms to the discharge provisions of §§ 727, 1141, 1228(a) and (b), and § 1328(b) (hardship discharge), *but not § 1328(a)*. Thus § 523 applies generally in individual Chapter 11 cases but not in Chapter 13 cases where a plan has been completed. The cases construing the Chapter 13 discharge are simply not applicable to Chapter 11.

Further, the overall structure and policy of the Bankruptcy system simply do not support the debtors' position. As expressed at 3 *Collier on Bankruptcy* ¶ 502.-02[2]:

Thus, the principle that interest stops running from the date of the filing of the petition must be understood as a bankruptcy rule of liquidation rather than as a substantive rule of law.

This conclusion is supported by § 726(a)(5), which provides for payment of post-petition interest to creditors before payment of any surplus to the debtor. Further, in *In re Hanna*, 872 F.2d 829 (8th Cir.1989), the Court reviewed the legislative history of §§ 502(b)(2) and 523(a)(1) and concluded that these sections read together demonstrate Congress' intent to codify *Bruning*. The Court relied on a citation in the House Report to Plumb, *The Tax Ramifications of the Commission on the Bankruptcy Law: Tax Procedure*, 88 Harv.L.Rev. 1360, 1388 (1975), which states that a creditor is prohibited from pursuing a claim which has been disallowed by the Bankruptcy Court only if the grounds for disallowance go to the merits. Unmatured interest is not disallowed on its merits but rather on the basis of "concerns pertaining to administrative convenience and fairness to other creditors." 872 F.2d at 831. Thus it is clear that the disallowance of interest in bankruptcy is not a substantive right accorded to debtors personally.

Finally, in a passage from *Bruning* which has been reiterated in many of the cases following it, the Supreme Court noted that Section 17 of the Bankruptcy Act

is not a compassionate section for debtors. Rather, it demonstrates congressional judgment that certain problems— e.g. those of financing government— override the value of giving the debtor a wholly fresh start. Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy. The general humanitarian purpose of the Bankruptcy Act provides no reason to believe that Congress had a different intention with regard to personal liability for the interest on such debts.

376 U.S. at 361, 84 S.Ct. at 908. This statement of policy is clear, and the debtors have given no persuasive reason why the Court should depart from it in Chapter 11 cases.

The debtors contend further that the post-petition penalties are not collectible. They rely on 26 U.S.C. § 6658 and *In re Woodward*, 113 B.R. 680 (Bankr.D.Or. 1990). The *Woodward* Court held that, although post-petition interest is nondis-

chargeable under *Bruning*, 26 U.S.C. § 6658 relieves the debtor from liability for penalties for failure timely to pay certain taxes during the pendency of a bankruptcy proceeding. As indicated by the Service, this "safe harbor" provision of the Internal Revenue Code does not apply to withheld taxes. 26 U.S.C. 6658(b). Absent the safe harbor provision there is no basis to avoid the operation of § 523(a)(7) of the Bankruptcy Code, which plainly provides that tax penalties are nondischargeable. *See In re Jaylaw Drug, Inc., supra; In re Hanna, supra.*

## CONCLUSION

The discharge upon the entry of an order of confirmation of an individual debtor's plan of reorganization does not cover interest and penalties on prepetition priority tax claims that accrue post-petition.

The objection of the United States of America (Internal Revenue Service) should be sustained except as modified by the Order Confirmation Plan entered herein on August 6, 1991.