**In re Robert B. QUICK, Jr. &
Linda L. Quick, Debtors.**

**Bankruptcy No. 87–01186.**

United States Bankruptcy Court,
W.D. Virginia,
Lynchburg Division.

Jan. 21, 1993.

---

Laurence P. Morin, for debtors.

Stephen U. Baer, Asst. U.S. Atty., for U.S.

Helen P. Parrish, Trustee.

Angelo A. Frattarelli, Trial Atty., Washington, D.C.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Chief Judge.

Before the court is a motion filed by the debtors, Robert B. and Linda L. Quick, to determine the amount and dischargeability of the claim filed in their chapter 7 case by the Internal Revenue Service.

The facts of this case are set out in a Memorandum Opinion entered in this action on October 23, 1992, 152 B.R. 902, and are incorporated herein by reference. In that opinion this court held that 11 U.S.C. § 523(a)(7) and applicable case law made interest and penalties on pre-petition tax debts of the debtors which accrued post petition nondischargeable. Implicit in that holding was that the Internal Revenue Service otherwise be entitled to collect such interest and penalties. The appropriateness of how the Internal Revenue Service determined the amount of interest and penalty stated to be owing in its April 7, 1992 Notice of Levy was left unresolved, however. An order was therefore entered directing the Internal Revenue Service to show how the "statutory additions" claimed in the April 7, 1992 Notice of Levy were determined.

At the subsequently held hearing, the Internal Revenue Service presented evidence establishing that it calculated both post-petition interest and failure to pay penalty on the declining principal balance of the unpaid income tax and that the amount sought from the debtors included failure to pay penalties that accrued while the debtors' chapter 13 case was pending. The debtors argued that they are not obligated to pay the $1,137.36 post-petition penalty portion of the amount claimed by the Internal Revenue Service because section 6658 of the Internal Revenue Code precludes the assessment of a failure to pay penalty while their chapter 13 bankruptcy case was pending.[1]

1. Section 6658 provides as follows:
   § 6658. Coordination with title 11.
   (a) Certain failures to pay tax.— No addition to the tax shall be made under section 6651, 6654, or 6655 for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code—
   (1) if such tax was incurred by the estate and the failure occurred pursuant to an order of the court finding probable insufficiency of funds of the estate to pay administrative expenses, or
   (2) if—
   (A) such tax was incurred by the debtor before the earlier of the order for relief or (in the involuntary case) the appointment of a trustee, and
   (B)(i) the petition was filed before the due date prescribed by law (including extensions) for filing a return of such tax, or
   (ii) the date for making the addition to the tax occurs on or after the day on which the petition was filed.
   (b) Exception for collected taxes.—Subsection (a) shall not apply to any liability for an addition to the tax which arises from failure to pay or deposit a tax withheld or collected from others and required to be paid to the United States.

The parties were granted leave to submit memoranda on the issue.

A literal reading of 26 U.S.C. § 6658 supports the debtors' contention. The failure to pay penalty sought from the debtors is authorized by section 6651 of the Internal Revenue Code and is based on a failure to pay income taxes which were incurred by the debtors before the order for relief was entered in their chapter 13 case on October 30, 1987[2]. Seemingly, therefore, the Internal Revenue Service cannot "add" the part of the penalty amount which accrued after the petition date to the taxes, interest and penalties otherwise owed by the debtors and which is nondischargeable.

Such a reading does not conflict with 11 U.S.C. § 523(a)(7). Section 523(a)(7) of the Bankruptcy Code determines the dischargeability of penalties which are properly imposed. Section 6658 of the Internal Revenue Code, like sections 6651, 6654, and 6655 thereof, sets out when it is proper to impose them.

The legislative history of 26 U.S.C. § 6658 also supports the debtors' contention. The section of the committee report which discusses section 6658 is entitled "Relief from certain failures to pay tax when due" and provides in part as follows:

> The Internal Revenue Code (secs. 6651, 6654, and 6655) imposes penalties for failure timely to pay certain taxes, unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. Under bankruptcy rules, a debtor or the trustee of a bankruptcy estate may be precluded from timely paying certain taxes after commencement of the bankruptcy proceedings.

**Reasons for Change**

The committee believes that penalties should not be imposed for failure timely to pay certain taxes to the extent that bankruptcy proceedings preclude payment of such taxes when due.

**Explanation of Provision**

Section 6(e) of the bill relieves the debtor or the trustee from penalties which otherwise might be applicable under sections 6651, 6654, or 6655 of the Code for failure timely to pay certain taxes, with respect to a period during which a bankruptcy case is pending, to the extent that the bankruptcy case precludes payment of such taxes when due. (FN) ...

... In the case of a tax incurred by the debtor before commencement of the bankruptcy case, the relief provision of the bill applies if either the bankruptcy petition is filed before the tax return due date, or the date for imposing the penalty occurs after commencement of the bankruptcy case.

These relief rules do not, however, apply with respect to liability for penalties for failure timely to pay or deposit any employment tax required to be withheld by the debtor or trustee. _____

FN. No inference is intended, by virtue of adoption of the rules in section 6(e) of the bill, that under present law such penalties should be imposed where a debtor or the trustee of a bankruptcy estate is precluded from timely paying such taxes by virtue of bankruptcy proceedings.

1980 U.S.Code Cong. & Admin.News 7017, 7064.

Surprisingly few cases have construed the three subparts of section 6658[3]. Of those that have done so, only one involves the applicability of subsection 6658(a)(2) to

---

**2.** The filing of a voluntary petition constitutes an order for relief. *See* 11 U.S.C. § 301.

**3.** Two cases construe subsection 6658(a)(1). *See In re DuPage Boiler Works, Inc.,* 98 B.R. 907 (Bkrtcy.N.D.Ill.1989) and *In re American Electric Construction, Inc.,* 1990 WL 485408, 1990 Bankr. LEXIS 2252 (Bkrtcy.S.D.Ohio 1990). Two others hold that subsection 6658(a)(2) does not provide relief from post-petition *interest* on

pre-petition tax debt. *See United States v. Benson,* 88 B.R. 210 (W.D.Mo.1988) and *In re Stine,* 81 B.R. 641 (Bkrtcy.N.D.Fla.1988). And two cases make clear that subsection 6658(a)(2) does not provide relief from penalties for failure to pay withheld employment taxes excepted from operation of subsection 6658(a)(2) by subsection 6688(b). *See In re Irvin,* 129 B.R. 187 (W.D.Mo. 1990) and *In re Fox,* 130 B.R. 571 (Bkrtcy. W.D.Wash.1991).

a failure to pay penalty, and it supports the debtors' position. *See In re Woodward,* 113 B.R. 680, 684 (Bkrtcy.D.Oregon 1990) ("This statute clearly provides that no penalties shall be added to the tax while a case is pending in bankruptcy if the tax is a pre-petition tax ... and the penalties are post-petition....") None of the cases construing section 6658 have suggested that it conflicts with section 523(a)(7) of the Bankruptcy Code.

## CONCLUSION

The Internal Revenue Service apparently did not comply with 26 U.S.C. § 6658 in determining the amount of penalty owed by the debtors in this case, and it has not explained why it did not do so.[4] Because it appears that section 6658 is applicable, this court concludes that the debtors are not liable for accrued post-petition penalties on their pre-petition tax debt which were incurred while their chapter 13 case was pending. An order will therefore be entered holding that the tax liability of the debtors was not discharged in their chapter 7 proceeding but that pursuant to 26 U.S.C. § 6658, the amount owed should not include post-petition penalties incurred while their chapter 13 case was pending.

## ORDER

For the reasons stated in the Memorandum Opinions dated October 23, 1992 and January 21, 1993, it is

## ORDERED and ADJUDGED

that the tax liability of the debtors was not discharged in their chapter 7 proceeding but that pursuant to 26 U.S.C. § 6658, the amount owed should not include post-petition penalties incurred while their chapter 13 case was pending.

---

**4.** Neither the debtors nor the Internal Revenue Service cited or discussed 26 U.S.C. § 6658 in the memoranda filed in this case prior to entry of the October 23, 1992 Memorandum Opinion

and Order. The Internal Revenue Service also did not file a memorandum discussing the applicability of section 6658 subsequent to the hearing.