**In the Matter of Donald D. HERR, Ruth A. Herr, Debtors.**

**Bankruptcy No. 87–198–C.**

United States Bankruptcy Court, S.D. Iowa.

Nov. 25, 1987.

Thomas P. Reznicek, Cedar Rapids, Iowa, for debtors.

Anita L. Shodeen, Des Moines, Iowa, Trustee.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, for IRS.

### ORDER ON OBJECTION TO CONFIRMATION OF CHAPTER 12 PLAN

LEE M. JACKWIG, Bankruptcy Judge.

On August 24, 1987 a hearing on confirmation of the Chapter 12 plan came on for hearing in Des Moines, Iowa. Among the attorneys present were Thomas P. Reznicek appearing on behalf of the debtors and Linda R. Reade, Assistant U.S. Attorney, appearing on behalf of the Internal Revenue Service (IRS). By the time of the hearing, the only outstanding objection to confirmation was that filed by the IRS on May 18, 1987. The court directed the parties to submit briefs by September 7, 1987 in the event the objection could not be resolved. The debtors have notified the court that the parties can not settle the matter. Only the debtors have submitted a brief. The court considers the issue fully submitted.

### FACTUAL BACKGROUND

The debtors filed a Chapter 12 petition on January 27, 1987. The IRS filed a proof of claim on March 31, 1987 listing an unsecured priority claim in the amount of $5,166.00. Paragraph 2.02 of the plan states:

Class 1 claims shall be the claims entitled to priority under 11 U.S.C. section 1222(a)(2), as the same are allowed by order of court or operation of law.

With respect to the treatment of unclassified and Class 1 claims, Paragraph 3.01 of the plan provides:

Except as otherwise agreed to by the holder of an unclassified claim, the holders of unclassified claims shall be paid in full in the ordinary course of the Debtors' business. Class 1 claims shall be paid in five (5) equal annual installments beginning on December 31, 1987, and continuing for four (4) years thereafter.

The IRS contends that it is entitled to interest on its priority claim based upon 11 U.S.C. section 1222(a)(2). This provision provides that:

(a) The plan shall—

. . . .

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim;

More specifically, the IRS maintains that the language "deferred cash payments" requires the debtors to provide the "present value" of the IRS's claim which in turn means the plan payments must include interest. The court begins its analysis by examining the treatment of priority claims under Chapter 11 and Chapter 13 reorganizations.

11 U.S.C. section 1129(a)(9)(C) provides that, with the exception of priority claimholders that have agreed to different treatment, a Chapter 11 plan cannot be con-

firmed unless a holder of a priority tax claim:

[W]ill receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

*Id.* Courts have interpreted this language to mean that a taxing authority must receive interest if the plan calls for deferred cash payments. *United States v. Neal Pharmacal,* 789 F.2d 1283, 1285 (8th Cir. 1986); *In re Southern States Motor Inns, Inc.,* 709 F.2d 647, 650 (11th Cir.1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 280 (1984).

11 U.S.C. section 1322(a)(2) requires that priority claimholders in Chapter 13 be paid in full in deferred cash payments. The language of the subsection is identical to the language found in section 1222(a)(2). With respect to section 1322(a)(2), *Collier* states:

It is also important to note that while section 1322(a)(2) requires payment in full of priority claims, it does not provide for payment of their present value as of the effective date of the plan. Therefore, the payment of interest on priority claims is not required unless the court finds it necessary to satisfy the best interest of creditors test.

5 *Collier on Bankruptcy* ¶ 1322.03 at 1322–7, 1322–8 (15th ed. 1986).[1] *See also In re Christian,* 25 B.R. 438, 8 C.B.C.2d 14, 16 (Bankr.D.N.M.1982).[2]

Interpreting section 1222(a)(2) in a manner consistent with the way the identical language of section 1322(a)(2) has been con-

---

**1.** The liquidation analysis in this case indicated that the unsecured creditors would not have received a distribution if the estate of the debtors had been liquidated under Chapter 7 on the effective date of the plan. Had the best interest of creditors test found at 11 U.S.C. section 1225(a)(4) required the debtors to make disbursements to unsecured creditors and had the debtors proposed to make the disbursements over time, interest would have been required. *See In re Hansen,* 77 B.R. 722, 726 (Bankr.D.N. D.1987) (11 U.S.C. section 1225(a)(4) requires that "the present value of unsecured creditors' claims must be protected if they are to be paid subsequent to plan confirmation".); 5 *Collier on*

*Bankruptcy* ¶ 1325.05 at 1325–20—1325–22 (15th ed. 1986) (commenting on language identical to section 1225(a)(4) found at section 1325(a)(4)).

**2.** Had the IRS's claim been secured, interest would have been required pursuant to 11 U.S.C. section 1225(a)(5)(B)(ii). *See Matter of Doud,* 74 B.R. 865, 867 (Bankr.S.D.Iowa 1987) ("In short, this provision entitles a creditor to the present value of its property to be distributed under the plan."). Since the IRS's claim is totally unsecured, section 1225(a)(5)(B)(ii) does not apply.

strued by the aforementioned authorities squares with the legislative history of Chapter 12 which reveals that the new chapter was patterned to a large extent after Chapter 13. *See* 132 Cong.Rec. S 15076 (daily ed. Oct. 3, 1986) (statement of Sen. Grassley). Moreover, had Congress intended that unsecured priority claimholders always receive interest in Chapter 12 by virtue of section 1222(a)(2) it could have added traditional "present value" language to the provision. *Compare* 11 U.S.C. sections 1129(a)(9), 1129(b)(2)(A)(i)(II), 1225(a)(5)(B)(ii) and 1325(a)(5)(B)(ii). Given the absence of such language, the court concludes that Congress did not intend deferred cash payments made under section 1222(a)(2) to include interest in every case.

## CONCLUSION AND ORDER

WHEREFORE, based upon the foregoing analysis, it is hereby found that the IRS is not entitled to interest on its priority claim.

THEREFORE, the objection of the IRS to the confirmation of the plan is overruled.