**In re WAKEHILL FARMS, Debtor.**

**Bankruptcy No. 1–89–00846.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 23, 1990.

David C. Barrett, Jr., Toledo, Ohio, for debtor.

Suzanne C. Mandross, Toledo, Ohio, Trustee.

Verne K. Armstrong, Toledo, Ohio, for IRS & FHA.

John J. Hunter, Jr., Toledo, Ohio, for Farm Credit.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Debtor's Memorandum in Support of Disallowance of Post–Petition Interest on Unsecured Claim of United States of America, Internal Revenue Service. No written arguments were filed by the Internal Revenue Service. The Court has reviewed the Debtor's Memorandum, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Debtor's Motion should be granted and post-Petition interest should be disallowed.

## FACTS

On March 31, 1989, the Debtor, Wakehill Farms, an Ohio Partnership, filed its Plan of Reorganization pursuant to Chapter 12 of the Bankruptcy Code. The Plan provides for the full payment of allowed pre-Petition unsecured priority tax claims. The claim of the I.R.S. is for approximately Seven Thousand Five Hundred Dollars ($7,500.00) in pre-Petition taxes, penalties and interest. Based on this estimate of the I.R.S.'s claim, the Debtor's monthly payments would be Two Hundred Eight Dollars and Thirty-three Cents ($208.33).

On April 28, 1989, the I.R.S. filed an Objection to Confirmation of Debtor's Chapter 12 Plan of Reorganization. The I.R.S. asserted that the Plan did not provide for the payment of post-Petition interest on the Debtor's delinquent tax obligation. The I.R.S. argued that under 11 U.S.C. Section 1225(a)(4): "it is entitled to receive deferred cash payments equal to the present value of its priority tax claim as of the effective date of the plan". *Objection of Internal Revenue Service to Confirmation of Debtor's Chapter 12 Plan of Reorganization*, at 1.

On May 4, 1989, the Debtor filed its initial Memorandum in Support of Disallowance of Post–Petition Interest to United States of America, Internal Revenue Service. The Debtor's Memorandum was subsequently amended, with the latest revision being filed on May 16, 1989. The Debtor's Amended Chapter 12 Plan of Reorganization was Confirmed on June 7, 1989.

## LAW

The issue of whether or not the I.R.S. is entitled to post-petition interest on an unsecured pre-petition tax claim has been addressed in previous published decisions and treatises. The majority view supports the position that unsecured priority tax claims paid in deferred installments under a Chapter 12 plan need not receive interest under § 1222(a). *In re Krump*, 89 B.R. 821, 824 (Bankr.D.S.D.1988); *Matter of Herr*, 80 B.R. 135, 136–137 (Bankr.S.D.Iowa 1987); *In re Citrowske*, 72 B.R. 613, 617 (Bankr. D.Minn.1987); 5 *Collier on Bankruptcy* ¶ 1222.02 at 1222–3 (15th ed. 1989); 3 *Norton Bankruptcy Law and Practice*, § 91.06, Part 91—Page 6 (1987).

These authorities noted that deferred payments on priority tax claims are to receive interest in Chapter 11 cases, but are not generally entitled to interest in cases under Chapter 13. A comparison of § 1222(a) with the analogous deferred cash payment provisions found in Chapter 11 and Chapter 13 reflects that in this respect, as in many others, Chapter 12 is patterned after Chapter 13. In fact, the drafters of Chapter 12 used language identical to § 1322(a) in creating § 1222(a). Accordingly, the cited authorities, and this Court, hold that the Internal Revenue Service is not entitled to interest on its post-Petition unsecured priority tax claim.

Lastly, the IRS asserts that it is entitled to post-Petition interest pursuant to 11 U.S.C. Section 1225(a)(4). This provision states:

"(a) Except as provided in subsection (b), the court shall confirm a plan if—

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date; ..."

The Court notes that the Debtors Chapter 12 Plan of Reorganization has been Confirmed, there having been no showing that the unsecured creditors would receive more under a Chapter 7 liquidation. The Order of Confirmation having never been the subject of an appeal, it appears that this issue is Moot.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Objection of Internal Revenue Service to Confirmation of Debtor's Chapter 12 Plan of Reorganization be, and is hereby, Denied.

It is FURTHER ORDERED that the I.R.S.'s request for post-Petition interest be, and is hereby, Disallowed.