In re Calvin A. **MITCHELL,** Jr. and Patsy J. Mitchell, Debtors.

Calvin A. **MITCHELL,** Jr. and Patsy J. Mitchell, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 593–50564–12.
Adversary No. 597–5006.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

July 24, 1997.

Walter O'Chesky, Lubbock, TX, Chapter 12 Trustee.

## MEMORANDUM OF OPINION ON THE IRS' CLAIM FOR POSTPETITION INTEREST AND PENALTIES ON PRE-PETITION TAX DEBT

JOHN C. AKARD, Bankruptcy Judge.

Calvin A. Mitchell Jr. and Patsy J. Mitchell (Debtors) filed for protection under Chapter 12 of the Bankruptcy Code on October 1, 1993. On January 18,1994, the Internal Revenue Service (IRS) filed a claim in the amount of $12,174.01. It classified $9,679.32 as an unsecured priority claim and $2,494.69 as an unsecured non priority claim. The Debtors did not dispute that the IRS had prepetition, priority tax claims for the years 1990, 1991, and 1992 pursuant to § 507(a)(8)(A) of the Bankruptcy Code and included them in their Chapter 12 plan which the court confirmed on April 26,1994.[1] On April 26,1994, the court confirmed the Debtors' Chapter 12 plan. The Debtors made all required plan payments and received a discharge. After the discharge was granted, the IRS sent the Debtors a demand for payment of interest and penalties which accrued postpetition on the priority tax debt, but which had not been provided for or paid by their Chapter 12 plan. The IRS now claims that postpetition interest and penalties on the prepetition tax debt were not discharged when the Debtors completed their Chapter 12 plan. The court finds that the IRS claim is without merit, and that the Debtors are not liable for postpetition interest and penalties on their prepetition tax debt.[2]

## STATUTES

Several provisions of the Bankruptcy Code and of the Internal Revenue Code have a bearing on this case. In pertinent part, they include:

Ralph F. Shilling, Jr., Tax Division, Department of Justice, Dallas, TX, for I.R.S.

Marc McBeath, Sweetwater, TX, for Debtors.

1. The Bankruptcy code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

2. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B) and (*l* ).

## § 507. Priorities.

(a) The following expenses and claims have priority in the following order:

. . . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts.

## § 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

. . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

## § 1129. Confirmation of plan.

(a) The court shall confirm a plan only if all of the following requirements are met:

. . . .

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

(A) with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;

. . . .

(C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

## § 1222. Contents of plan.

(a) The plan shall—

. . . .

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

## § 1322. Contents of plan.

(a) The plan shall—

. . . .

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim.

## § 1228. Discharge.

(a) As soon as practicable after completion by the debtor of all payments under the plan, other than payments to holders of allowed claims provided for under section 1222(b)(5) or 1222(b)(10) of this title, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the

debtor a discharge of all debts provided for by the plan allowed under section 503 of this title or disallowed under 502 of this title, except any debt—

(1) provided for under section 1222(b)(5) or 1222(b)(10) of this title; or

(2) of the kind specified in section 523(a) of this title.

## § 1328. Discharge.

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title;

(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title; or

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

## 26 U.S.C. 6658. Coordination with Title 11.

(a) **Certain failures to pay tax.**—No addition to the tax shall be made under section 6651, 6654, or 6655 for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code—

(1) if such tax was incurred by the estate and the failure occurred pursuant to an order of the court finding probable insufficiency of funds of the estate to pay administrative expenses, or

(2) if—

(A) such tax was incurred by the debtor before the earlier of the order for relief or (in the involuntary case) the appointment of a trustee, and

(B)(i) the petition was filed before the due date prescribed by law (including extensions) for filing a return of such tax, or

(ii) the date for making the addition to the tax occurs on or after the day on which the petition was filed.

(b) **Exception for collected taxes.**— Subsection (a) shall not apply to any liability for an addition to the tax which arises from the failure to pay or deposit a tax withheld or collected from others and required to be paid to the United States.

## DISCUSSION

The IRS asserts that it has a claim for postpetition interest and penalties on prepetition tax debt. The Service relies on *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964) for the preposition that the postpetition interest was not discharged through the bankruptcy proceeding, and that the debtor remained liable for the interest on the prepetition tax debt even after discharge of the original tax debt. The problem with this proposition is that it is based on a pre–Code case. The IRS acknowledges that this case was decided under the Bankruptcy Act of 1898, but claims that the holding continues to apply to today's Code cases. The IRS cites *In re Fox*, 130 B.R. 571 (Bankr.W.D.Wash.1991), and *Woodward v. United States (In re Woodward)*, 113 B.R. 680 (Bankr.D.Or.1990), which essentially apply the holding in *Bruning* to Chapter 11 cases. The IRS then argues that by applying the holdings in the above Chapter 11 cases to Chapter 12 cases, the court should conclude that postpetition interest on prepetition tax debt is not discharged in bankruptcy.

However, courts have not interpreted Chapter 12 of the Bankruptcy Code as they do Chapter 11. Instead courts read Chapter 12 as Chapter 13 has been interpreted, primarily because Chapter 12 was essentially modeled after Chapter 13. *In re Herr*, 80 B.R. 135, 137 (Bankr.S.D.Iowa 1987). The *Herr* court distinguished the respective Code sections 1129(a)(9)(C), 1222(a)(2), and 1322(a)(2) by noting the slight difference in wording of each section. The wording of the Chapter 11 confirmation statute instructs the

court to confirm the plan only if certain requirements are met. One of these requirements is as follows: § 1129.

. . . .

> (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, *of a value, as of the effective date of the plan, equal to the allowed amount of such claim* (emphasis added).

. . . .

Courts have held that the sentence emphasized above in the Chapter 11 statute requires that the debtor pay the present value of the debt, which would require the addition of interest or payment of interest after the original debt is discharged. *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir.1986). The wording of the Chapter 12 contents of plan statute differs:

§ 1222.

  (a). The plan shall—

. . . .

> (2) *provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title,* unless the holder of a particular claim agrees to a different treatment of such claim (emphasis added).

The corresponding Chapter 13 statute contains virtually the same wording which, as seen above, makes no mention of the specific wording "of a value, as of the effective date of the plan." The absence of this language has led courts to interpret the Chapter 12 and Chapter 13 statutes as *not requiring* payment of the present value of the tax debt. In turn, this would bar claims by the IRS for postpetition interest on prepetition unsecured tax debt. The Iowa bankruptcy court noted that if Congress had intended to require the payment of interest on prepetition tax debt in a Chapter 12 case, then it would

have added the present value language contained in Chapter 11. *Herr,* 80 B.R. at 137.

Another bankruptcy court considered this issue in a case with virtually the same facts as the case at bar. *Bossert v. United States (In re Bossert)*, 201 B.R. 553 (Bankr. E.D.Wash.1996). In Bossert, the debtor filed a petition for relief under Chapter 12, and the court confirmed the plan. The debtor made all required plan payments and received a discharge. However, after the discharge, the IRS issued a notice of levy for interest and penalties on the prepetition unsecured tax debt, now discharged. As in the case at bar, the issue was whether the interest and penalties assessed based on prepetition unsecured tax debt were discharged as the debtor claimed, or whether they continued to be owed as the IRS claimed. The *Bossert* court recognized the distinct statutory language of each of the respective bankruptcy chapters and held, as in Herr, that the Chapter 12 statute should be interpreted in the same manner as the Chapter 13 statute, i.e., interest is not due because Congress did not place the present value language in either chapter.

An Ohio case, *In re Wakehill Farms*, 123 B.R. 774 (Bankr.N.D.Ohio 1990) also held that the IRS is not entitled to postpetition interest on unsecured prepetition tax debt in a Chapter 12 case. Unlike the present case, in *Wakehill* the IRS filed an objection to the Chapter 12 plan because it did not provide for the payment of postpetition interest on the prepetition debt. The *Wakehill* court stated that "[t]he majority view supports the position that unsecured priority tax claims paid in deferred installments under a Chapter 12 plan need not receive interest under § 1222(a)." *Id.* at 775. (citing, among others) *In re Krump*, 89 B.R. 821, 824 (Bankr.D.S.D. 1988); *In re Herr*, 80 B.R. 135, 136–137 (Bankr.S.D.Iowa 1987); 5 Collier on Bankruptcy ¶ 1222.02 at 1222–3 (15th ed.1989). Courts have held that priority tax claims under Chapter 11 should receive interest, but claims under Chapter 13 and Chapter 12 are not entitled to such interest.[3]

---

**3.** In a subsequent letter brief, the IRS directed the court to *In re Hubbard,* 161 B.R. 173 (Bankr. N.D.Tex.1993). That case is distinguishable from the instant case. In *Hubbard,* the court

addressed the dischargeability of interest on a federal restitution judgment in a Chapter 11 case. The issue was not a tax issue and Chapter

## DIFFERENCES BETWEEN CHAPTER 12 AND CHAPTER 13

■ Although Congress modeled Chapter 12 after Chapter 13, there are certain differences between the two chapters. One of them is the basis for the IRS' claim that while postpetition interest may not be due under Chapter 13, it is due under Chapter 12. The difference is located in the language of the discharge sections of the respective chapters. The Chapter 12 discharge statute provides that certain debts are excepted from discharge:

§ 1228.

... except any debt—

. . . .

(2) of the *kind specified in section 523(a) of this title* (emphasis added).

The Chapter 13 discharge statute is much broader:

§ 1328.

... except any debt—

. . . .

(2) *of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title* (emphasis added).

It is evident from comparing the above discharge sections that a discharge under Chapter 13, which specifies only certain debts in § 523 that are excepted from discharge, is broader than that under Chapter 12, which specifies that all debts in § 523 are nondischargeable. The IRS contends that since Chapter 13 does not include § 523(a)(1) in the exceptions to discharge, it effectively removes the required payment of interest on tax debt from nondischargeability status. Whereas Chapter 12, which does not distinguish between the subsections of 523, mandates that tax debt is not dischargeable. The IRS contends that interest is part of tax debt and retains its nondischargeability characteristic. The *Bossert* court rejected the same claim the IRS now pursues in this case. The court noted that the purpose of Chapter 12 is to allow the family farmer to rewrite his obligations to his creditors in the form of plan payments. *Bossert,* 201 B.R. at 558. The tax debt would be paid in full by the family farmers because of the priority status

12 has specific tax provisions which the court

of the debt. All penalties and interest up to the point of filing would be included in the debt but it would be just as in Chapter 13. Congress did not require that the present value of the tax debt be paid, as in Chapter 11. Therefore, the nondischargeability section of Chapter 12 would be inapplicable, since the debt was paid as required.

## POSTPETITION PENALTIES

Whether postpetition penalties on prepetition tax debt are assessable under the Bankruptcy Code is addressed by 26 U.S.C. § 6658 of the Internal Revenue Code:

(a) **Certain failures to pay tax.**—No addition to the tax shall be made under section 6651, 6654, or 6655 for failure to make timely payment of tax with respect to a period during which a case is pending under title 11 of the United States Code—

. . . .

(2) if—

(A) such tax was incurred by the debtor before the earlier of the order for relief or (in the involuntary case) the appointment of a trustee, and

(B)(i) the petition was filed before the due date prescribed by law (including extensions) for filing a return of such tax, or

(ii) *the date for making the addition to the tax occurs on or after the day on which the petition was filed* (emphasis added).

Clearly, § 6658(a)(2)(B)(ii) covers a penalty that is assessed postpetition on a prepetition tax debt. The IRS claims that § 6658 is a safe harbor provision that is only applicable to situations in which a debtor files a petition for bankruptcy after the assessment of a tax, but before the tax is due. This is the situation covered by § 6658(a)(2)(B)(i), but the IRS conveniently disregards § 6658(a)(2)(B)(ii) which applies in the case at bar. In *Bossert* the court cited the legislative history of § 6658:

must follow.

**984**

### Present law

The Internal Revenue Code (secs. 6651, 6654, and 6655) imposes penalties for failure timely to pay certain taxes, unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect. Under bankruptcy rules, a debtor or the trustee of a bankruptcy estate may be precluded from timely paying certain taxes after commencement of the bankruptcy proceedings.

### Reasons for change

The committee believes that penalties should not be imposed for failure timely to pay certain taxes to the extent that the bankruptcy proceedings preclude payment of such taxes when due.

### Explanation of provision

Section 6(e) of the bill relieves the debtor or the trustee from penalties which otherwise might be applicable under sections 6651, 6654, or 6655 of the Code for failure timely to pay certain taxes, with respect to a period during which a bankruptcy case is pending, to the extent that the bankruptcy case precludes payment of such taxes when due.

*Bossert,* 201 B.R. at 562 (footnote and citation omitted).

From this legislative history the *Bossert* court concluded that it was not Congress' intent to impose penalties on debtors in bankruptcy when the Bankruptcy Code precluded payment of such a tax. The language of Chapter 12 does not require the payment of the present value of the tax, nor does it require that the debtor pay postpetition penalties on prepetition tax debt.

■ A literal reading of § 6658(a)(2)(B)(ii) leads this court to the conclusion that the statute on its face precludes any postpetition additions to a prepetition tax debt. Id. See also In re Quick, 152 B.R. 909, 912 (Bankr. W.D.Va.1993) (holding that debtors cannot be held liable for penalties assessed for failure to pay their prepetition tax debt when those

penalties were incurred while the Chapter 13 case was pending.)

### PURPOSE OF CHAPTER 12

■ One of the policies behind the Bankruptcy Code is to give debtors "a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). In 1986, Congress added Chapter 12 to the Bankruptcy Code because of the economic crisis that many farming families were facing. To allow the IRS to make claims against these farmer families after their discharge is granted would be contrary to the "fresh start" idea embodied in Bankruptcy Code. The debtor files a Chapter 12 case knowing that certain priority tax debts must be paid. As stated above, in Chapter 12, the nondischargeable priority tax debt must be paid by the debtor, through the plan, before the discharge is entered. *Bossert,* 201 B.R. at 558. The IRS' claim for the full amount of the prepetition tax debt is paid in full before the discharge is entered. Therefore, the debtor expects that upon discharge all prepetition liability to the IRS is gone. To allow the IRS to later claim postpetition interest and penalties on prepetition tax debt would not only be contrary to majority case law, but would run counter to the "fresh start" envisioned by Congress when it enacted the Bankruptcy Code.

### CONCLUSION

The IRS has a claim for interest and penalties up to the date of the filing of the petition in bankruptcy. Both the Debtors and the IRS agree that the Debtors paid the prepetition penalties and interest as a part of the IRS' priority tax claim. The court holds that any further assessment of penalties and interest postpetition as against the prepetition tax debt is a clear violation of the Bankruptcy Code as well as of the Tax Code. Therefore, the IRS' claim will be denied.

ORDER ACCORDINGLY.[4]

---

4. This memorandum shall constitute Findings of

Fact and Conclusions of Law pursuant to FED. R.

---

BANKR. P. 7052 which is made applicable to Contested Matters by FED R. BANKR. P. 9014. This Memorandum will be published.