**In re Wayne COUSINS, (d/b/a Cousins Gardens) and Mary Cousins, Debtors.**

**Wayne Cousins, (d/b/a/ Cousins Gardens) and Mary Cousins, Plaintiffs,**

v.

**Internal Revenue Service, Defendant.**

**Bankruptcy No. 90–12162–MWV.**
**Adversary No. 97–01115–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Feb. 2, 1999.

Geraldine Karonis, Assistant United States Attorney, Manchester, NH, for United States Trustee.

Nancy Michels, Michels & Michels, Londonderry, NH, for Plaintiffs.

David Broderick, U.S. Attorney's Office, Concord, NH, William Kostak, U.S. Dept. of Justice, Alex Sadler, Trial Attorney, Tax Division U.S. Dept. of Justice, Washington, DC, Mae Lew, Boston MA, for Defendant.

Lawrence Sumski, Amherst, NH, Chapter 13 Trustee.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the motion for summary judgment filed by the Plaintiffs, Wayne Cousins (d/b/a Cousins Gardens) and Mary Cousins ("Debtors"), and the cross-motion for summary judgment filed by the Defendant, the United States of America ("IRS"). The parties jointly filed an agreed stipulation of facts and subsequently filed memoranda of law in support of their respective positions. For the reasons discussed below, the Court denies the IRS's motion for summary judgment and grants the Debtors' motion for summary judgment.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 38 (1st Cir. 1993) (*quoting United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

### FACTS

The Debtors filed a petition for relief under Chapter 12 of the Bankruptcy Code on November 14, 1990. On March 14, 1991, the IRS filed a proof of claim for $43,194.42 in assessed federal tax liabilities, including federal income taxes for tax years 1987, 1988 and 1989. On November 25, 1991, the Court confirmed a Chapter 12 plan, which was subsequently modified. On May 20, 1991, the Court entered an Order Confirming First Modified Chapter 12 Plan.

The original and modified Chapter 12 plans treated the IRS's claim as an unsecured priority claim.[1] Both plans instructed the Trustee to make "full payment in deferred cash payment of all claims entitled to priority under U.S.C. § 507 including ... the debt to the IRS in the amount of $43,194.42." The plans did not provide for the payment of postpetition interest. The IRS did not object to the original or modified Chapter 12 plans.

By January 24, 1997, the Trustee paid $43,195.00 to the IRS in full satisfaction of the Debtors' prepetition tax liabilities. On January 31, 1997, the Debtors received a Chapter 12 discharge. On June 27, 1997,

---

**1.** The Court notes that some portion of the IRS's original claim was secured by tax lien. However, the IRS did not object to the plan's treatment of its claim as an unsecured priority claim. While it is true that "discharge only extinguishes only in personam claims; it generally has no effect on in rem claims against property," *In re Echevarria*, 212 B.R. 185, 187 (1st Cir. BAP 1997), *aff'd*, 141 F.3d 1149 (1st Cir.1998), but the IRS cannot have in rem claim for interest because: 1) whatever rights the IRS had as a secured creditor to interest were waived by remaining silent until the plan was confirmed and completed; and 2) the confirmed plan binds the IRS to its terms. *Id.* at 188.

the IRS assessed the Debtors statutory interest in the amount of $15,560.00, which it claims accrued on the Debtors' federal income tax liabilities for tax years 1987, 1988, and 1989. When the Debtors failed to pay this amount, the IRS issued a Notice of Intent to Levy. On September 10, 1997, the Debtors initiated this proceeding by filing a complaint arguing that they are not liable for the postpetition interest charges. Both parties moved for summary judgment.

## DISCUSSION

The Debtors move for summary judgment on two grounds: 1) confirmation and completion of the Chapter 12 plan bind the Debtors and the IRS, and are res judicata as to the terms of the plan, and 2) the Bankruptcy Code does not give the IRS any right to postpetition interests in Chapter 12 cases. The IRS cross-moves for summary judgment on the ground that, under sections 1222(a)(2) and 1228(a)(2) of the Bankruptcy Code, postpetition interest is excepted from discharge even after confirmation and full completion of the Chapter 12 plan.

■ As a threshold matter, the Court finds that the Debtors' res judicata claim is without merit. It is true that, in general, a bankruptcy proceeding has res judicata effect. *See In re Martin,* 130 B.R. 951, 956 (Bankr.N.D.Iowa 1991) (noting that a confirmed Chapter 12 or Chapter 13 plan provides binding, res judicata effect unless and until it is modified); *In re Amigoni,* 109 B.R. 341, 343 (Bankr.N.D.Ill.1989) (holding that a confirmed plan generally binds any creditor regardless of whether the creditor's claim is impaired by the

plan). *See also* 11 U.S.C.A. § 1227 (West 1993 & Supp.1998) (effect of confirmation).

■ However, the plan in this case was silent as to how to treat the postpetition interests; therefore, it cannot bind the IRS with respect to its claim of postpetition interests. *See Bossert v. United States (In re Bossert),* 201 B.R. 553, 555 (Bankr.E.D.Wash.1996) (when the plan does not specifically state whether postpetition interest would have to be paid, the terms of the plan do not preclude postpetition interest on debtor's prepetition priority tax obligation under doctrine of res judicata), *appeal docketed, In re Bossert,* 230 B.R. 172 (E.D.Wash.1999) (Shea, J., transferred). The Court therefore concludes that the doctrine of res judicata does not apply to the IRS's postpetition interest claim.

■ Having found that the doctrine of res judicata does not apply to the instant case, the Court now addresses the issue of whether the IRS is entitled to postpetition interest when the Debtors fully paid the tax obligation in accordance with the confirmed plan. The Bankruptcy Code provides in pertinent part as follows:

(a) The plan shall—

. . .

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; . . . .

11 U.S.C.A. § 1222(a)(2) (West 1993 & Supp.1998). The Court notes that this section does not contain any requirement that a plan contain language regarding the "present value" of payments.[2] With re-

---

**2.** 11 U.S.C. § 1129(a)(9)(C) provides:

. . .

(C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, *of a value, as of the effective date of*

*the plan,* equal to the allowed amount of such claim.

. . . .

11 U.S.C.A. § 1129(a)(9)(C) (West 1993 & Supp.1998) (emphasis added). It is clear that this section requires that the debtor pay the present value of the debt, which would require the addition of interest or payment of interest after the original debt is discharged.

spect to this section, courts have held that only the allowed amount of the claim need be paid and not the present value of the claim. *See In re Wakehill Farms,* 123 B.R. 774, 776 (Bankr.N.D.Ohio 1990) (holding that the IRS is not entitled to postpetition interest under 1222(a)(2)); *In re Herr,* 80 B.R. 135, 136–37 (Bankr.S.D.Iowa 1987) (Chapter 12 plan may provide for deferred payment of priority tax claim *without interest* ) (emphasis added). Therefore the Court concludes that, under section 1222(a)(2), the Debtors are not required to pay postpetition interest to the IRS.

■ However, the IRS also asserts that the real issue of this case is a discharge issue; therefore the controlling Bankruptcy Code section is 11 U.S.C. § 1228(a)(2). This section provides that:

(a) As soon as practicable after completion by the debtor of all payments under the plan, other than payments to holders of allowed claims provided for under section 1222(b)(5) or 1222(b)(10) of this title, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan allowed under section 503 of this title or disallowed under section 502 of this title, except any debt—

. . .

(2) of the kind specified in section 523(a) of this title.

11 U.S.C.A. § 1228(a)(2) (West 1993 & Supp.1998). The IRS argues that the tax liability is excepted from discharge under § 1228(a)(2); therefore, the interest accrued on this tax liability is also excepted from discharge. The IRS raised the same argument in two recent cases in *Bossert v. United States (In re Bossert),* 201 B.R. 553 (Bankr.E.D.Wash.1996), *appeal docketed, In re Bossert,* 230 B.R. 172 (E.D.Wash. 1999) (Shea, J., transferred), and *Mitchell v. United States (In re Mitchell),* 210 B.R. 978 (Bankr.N.D.Tex.1997), *aff'd, United States v. Mitchell,* No. 597–CV0275–C, slip op. (N.D.Tex.1997), *appeal dismissed per stipulation, United States v. Mitchell,* No. 98–10141, slip op. (5th Cir.1998).

The Court notes that the facts in these two cases were virtually identical to the facts in this case. In both cases, the debtor filed a Chapter 12 bankruptcy and the court confirmed the plan. The debtor made all required plan payments and received a discharge. After the discharge, the IRS attempted to collect the postpetition interest and the debtor brought an adversary proceeding against the IRS whereupon the IRS raised the same line of argument, i.e., the discharge provision should control. Needless to say, the courts flatly rejected this argument and held that the IRS is not entitled to postpetition interest. The *Bossert* court noted that the IRS's interpretation of the Bankruptcy Code provisions is contrary to the intent of Congress, and unnecessarily complicated. *In re Bossert,* 201 B.R. at 559. The *Mitchell* court noted that section 1228(a)(2) was inapplicable because the debt was paid as required. *In re Mitchell,* 210 B.R. at 983.

The Court agrees with the *Bossert* and *Mitchell* decisions and holds that the Debtors are not liable for the postpetition

---

*United States v. Neal Pharmacal Co.,* 789 F.2d 1283, 1285 (8th Cir.1986). The IRS argues that the Court should apply the Chapter 11 requirement of present value payment to this Chapter 12 case. The Court is not persuaded because: 1) Chapter 12 is modeled after Chapter 13, not after Chapter 11, *see In re Herr,* 80 B.R. 135, 137 (Bankr.S.D.Iowa 1987) (noting that the legislative history of Chapter 12 reveals that Chapter 12 was patterned after a large extent after Chapter 13); and 2) the absence of the present value language has led the courts to interpret the Chapter 12 and 13 provisions as not requiring payment of present value of the tax debt. *See In re Herr,* 80 B.R. at 137 (concluding that Congress did not intend deferred cash payments made under section 1222(a)(2) to include interest in every case); Lawrence P. King, 8 Collier on Bankruptcy ¶ 1222(a)(2), at 1222–4 (15th ed.1998) (noting that this is a considerable advantage to a farmer-debtor under Chapter 12 over a farmer-debtor in Chapter 11).

interest and the IRS is not entitled to postpetition interest as a matter of law. Therefore, the Debtors' motion for summary judgment is granted, and the IRS's motion for summary judgment is denied.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.