**In re Rudy BOSSERT, Debtor.**

**United States of America, Appellant,**

**v.**

**Rudy Bossert, Appellee.**

**No. CY–97–3071–EFS.
Bankruptcy No. 88–00205–R32.
Adversary No. A95–0078–R32.**

United States District Court,
E.D. Washington.

Feb. 2, 1999.

Frank L. Kurtz, Kurtz, Hurley, Lara & Adams, Yakima, WA, for Rudy Bossert.

Berry A. Heatley, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for United States of America.

### MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT DECISION

SHEA, District Judge.

Before the court is an appeal by the Internal Revenue Service ("IRS") from a judgment entered by the Bankruptcy Court on June 26, 1997, finding that Mr. Bossert was not liable for any post-filing interest on taxes he owed when he filed for Chapter 12 bankruptcy protection. Mr. Bossert's proposed plan was confirmed on December 14, 1988. Included in Mr. Bossert's confirmed Chapter 12 plan were payments of nondischargeable tax debts. Interest on those tax debts was not included in the plan. Mr. Bossert successfully completed the plan and received a discharge on June 14, 1994. The Bankruptcy Court found Mr. Bossert owed $1,464.24 on other tax debts, and that amount has been paid. The court held that Mr. Bossert did not owe any post-filing interest on his tax debt which was satisfied under the Chapter

12 plan. The IRS appeals that part of the judgment.

## I. Standard of Review

██ District courts have jurisdiction to hear appeals from final orders entered by a bankruptcy court. *See* 28 U.S.C. § 158. "The factual component of the Bankruptcy Court's findings are reviewed under the clearly erroneous standard; the legal component is reviewed de novo." *All Blacks B.V. v. Gruntruck,* 199 B.R. 970, 972 (W.D.Wash. 1996). "[T]he district court must independently determine the accuracy of the ultimate legal conclusions adopted by the bankruptcy judge on the basis of the facts shown." *In re United Home Loans, Inc.,* 71 B.R. 885, 888 (W.D.Wash.1987). The parties do not dispute the factual findings of the Bankruptcy Court, only the application of the law.

## II. Discussion

██ The cases upon which the Appellant relies were readily distinguished by the Bankruptcy Court as cases that did not address tax debts discharged in Chapter 12 actions. The court distinguished the Appellant's major case, *Bruning v. United States,* in three ways. *See* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). First, the court determined that Chapter 12 discharge, unlike Chapter 7, does not occur until the plan has been fully completed. Because nondischargeable tax debts must be paid before discharge is entered, the debt does not survive the discharge. Second, *Bruning* stood for the notion that post-filing tax was imposed to promote repayment. However, repayment under Chapter 12 does not include the payment of post-filing interest. Essentially, *Bruning* treats the continuing debt and interest the same. The Bankruptcy Court explained that by discharging one and not the other treatment is not the "same" as per *Bruning.* Third, *Bruning* relied on "no evidence of congressional intent to the contrary" in rendering its decision. By enacting Chapter 13 legislation Congress specifically eliminated liability for post-filing interest on tax obligations once discharge is entered, rendering that reliance inapposite.

The court then examined congressional intent regarding interest in Chapter 12 cases. By looking at the differing language in Chapter 11 and 13 plans, the court found Chapter 13 to be instructive. Similar to Chapter 13 plans, Chapter 12 plans provide for "full payment" instead of using language found in Chapter 11 which does not limit the plan in this way. *See* 11 U.S.C. § 1129(a)(9)(C). Because the number of Chapter 12 filings which are available only to a select group of farmers would certainly be dwarfed by Chapter 13 filings, and since Congress modeled Chapter 12 after Chapter 13, the court reasoned that the same freedom from paying post-filing interest on tax debts in Chapter 13 applies to Chapter 12. The IRS argued that although the plans may outline these differences in treatment, the discharge provision sets out a separate and contrary standard. The court noted that the Debtor's simpler, more straight forward method of interpretation was "preferable."

The Bankruptcy Court also relied upon *In re Herr* for guidance. In *Herr,* a bankruptcy court in Iowa held that the IRS, as an unsecured priority claimant, was not entitled to interest in its claim under a Chapter 12 plan. *See* 80 B.R. 135, 137 (Bankr.S.D.Iowa 1987). Although less thorough, the court utilized similar analysis of applicable bankruptcy statutes in reaching its conclusion that "payment of interest on priority claims is not required unless the court finds it is necessary to satisfy the best interest creditors test." *Id.* at 136. Other bankruptcy courts have reached the same conclusion in Chapter 12 cases. *See In re Mitchell,* 210 B.R. 978, 982 (Bankr.N.D.Tx.1997) (concluding that by omitting "present value" language in Chapter 12 and 13 but including it in Chapter 11, Congress intended Chapter 12 and 13 actions to exclude post-petition interest). In *Mitchell,* the IRS made the same argument as it does here, contending that the discharge section controls. *See id.* at 983. Relying on *In re Bossert,* 201 B.R. 553 (1996), the court reasoned that the nondischargeability section of Chapter 12 would be inapplicable, since the tax debt was paid before discharge was entered as required. *See id.*

The Defendant concedes if this were a Chapter 13 case, the Plaintiff would not owe

any post-petition interest on his tax debt. (Ct. Rec. 3.) Even with the weight and importance of *Bruning*, the Bankruptcy Court relied on solid interpretation of the bankruptcy statutes in its opinion. The above-cited Chapter 12 cases support this court's conclusion that Mr. Bossert does not owe post-petition interest on his tax debt.

### III. Conclusion

It is the opinion of this court that the Bankruptcy Court set forth a well reasoned, sound opinion that applied the law correctly and drew appropriate legal conclusions therefrom. Based on the foregoing, **IT IS HEREBY ORDERED:**

1. The Bankruptcy Court's decision is **AFFIRMED.**

2. Appellee's costs on appeal are taxed against the Appellant pursuant to FED. R.BANKR.P. § 8014. Appellee shall file and serve their cost bill, if any, pursuant to Local Rule 54.1.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide copies to counsel and to the Clerk of the U.S. Bankruptcy Court for the Eastern District of Washington.