IRS v. Cousins                    CV-99-121-JD  06/22/99  P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Internal Revenue Service

         v.                          Civil No. 99-121-JD

Wayne Cousins

                         O R D E R


     Before the court is the appeal of the Internal Revenue

Service from the United States Bankruptcy Court, District of New

Hampshire, in the case of In re: Wayne Cousins d/b/a/ Cousins

Gardens and Mary Cousins, Bankr. No. 90-12162-MWV (Bankr. D.N.H.

Feb 2, 1999).  The appellant contests the legal holding of the

bankruptcy court that the appellees, Wayne and Mary Cousins, are

not liable for certain post-petition interest allegedly owed by

them to the IRS on pre-petition tax liabilities that were paid

pursuant to the appellees' confirmation plan.



                        Background

     The facts underlying this appeal are not in dispute.  On

November 14, 1990, Wayne and Mary Cousins filed a petition for

relief under Chapter 12 of the Bankruptcy Code.  On March 14,

1991, the Internal Revenue Service ("IRS") filed a proof of claim

for $43,194.42 in pre-petition federal tax debts.  On November

25, 1991, the court confirmed a Chapter 12 plan which was

subsequently modified.  On May 20, 1991, the court entered an order confirming the modified Chapter 12 plan.

Both plans treated the IRS claim as an unsecured priority claim, instructed the Trustee to make "full payment in deferred cash payment of all claims entitled to priority under 11 U.S.C. Section 507 including . . . the debt to the Internal Revenue Service in the amount of $43,194.42."  Order of Stipulated Facts at 2.  However, neither of the plans provided for the payment of post-petition interest.  The IRS filed no objection to either Chapter 12 plan.

The Trustee paid $43,195.00 to the IRS in satisfaction of the plaintiffs' pre-petition tax liabilities.  On January 31, 1997, the plaintiffs received a Chapter 12 discharge.  On June 27, 1997, the IRS assessed statutory interest against the plaintiffs in the amount of $15,560.11, which it claims accrued post-petition on the plaintiff's pre-petition federal income tax liabilities.  On September 10, 1997, the appellees instituted an adversary proceeding in the bankruptcy court by filing a "Complaint to Determine Dischargeability of IRS Debt."  Both parties moved for summary judgment, and on February 2, 1999, the court granted summary judgment in the appellees' favor.

Discussion

This court reviews a bankruptcy court's conclusions of law de novo. See Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 3 (1st Cir. 1998). The issue on appeal is whether the bankruptcy court erred in holding that the appellees were not liable for post-petition interest on the IRS's non-dischargeable pre-petition priority tax claim when the interest was not provided for in the appellees' confirmed Chapter 12 plan.

The IRS asserts that because a claim premised upon an income tax debt identified under section 507(a) is not dischargeable under Chapter 12, post-petition interest on such a claim is similarly non-dischargeable. The discharge of debts under Chapter 12 is governed by 11 U.S.C.A. § 1228, which provides:

> (a) As soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts provided for by the plan allowed under section 503 of this title or disallowed under section 502 of this title, except any debt–
>
> (2) of the kind specified in section 523(a) of this title.

11 U.S.C.A. § 1228(a). Section 523(a) of the Code, titled "Exceptions to Discharge," provides:

> (a) A discharge under section . . . 1228(a) . . . of this title does not discharge an individual debtor from any debt --
>
> (1) for a tax or a customs duty –

3

(A)  of the kind and for the periods specified in section 507(a)(2) or 507 (a)(8) of this title, whether or not a claim for such a tax was filed or allowed . . . .

11 U.S.C.A. § 523(a).  Finally, section 507(a)(8) provides:

(a) The following expenses and claims have priority in the following order:

. . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for–

(A) a tax on or measured by income or gross receipts–

. . .

11 U.S.C.A. § 507(a)(8).[1]

In Bossert v. United States the bankruptcy court, confronted with the same issue, held that the debtor was "not liable for post-filing interest on his pre-filing priority tax obligations post Chapter 12 discharge."  Bossert v. United States (In re Bossert), 201 B.R. 553, 559 (Bankr. E.D. Wash. 1996), aff'd 230

_____

[1]In certain contexts, provisions addressing debts have also been construed as addressing interest on those debts, as discussed further, infra.  See, e.g., Bruning v. United States, 376 U.S. 358, 360 (1964) ("Initially, one would assume that Congress, in providing that a certain type of debt should survive bankruptcy proceedings as a personal liability of the debtor, intended personal liability to continue as to the interest on that debt as well as to its principal amount").

4

B.R. 172 (E.D. Wash. 1999).[2]  The <u>Bossert</u> court persuasively reasoned that section 1222(a)(2) requires "full payment" in deferred cash payments of the tax claims in question, and that "in enacting this provision Congress was writing the mandatory terms of the debtor's repayment contract with the IRS."[3]  <u>In re Bossert</u>, 201 B.R. at 559.  Congress "specifically chose not to require payment of interest by using the language from section

_____

[2]The court notes the inaccurate statement to the bankruptcy court below that "In deciding the discharge issue, the <u>Mitchell</u> and <u>Bossert</u> courts ignored section 1228 . . . ." Memorandum of Points and Authorities in Support of United States' Motion for Summary Judgment, at 5.  Similarly, the IRS represented to this court that "the Bankruptcy Court did not address the dischargeability of [the] interest under section 1228(a)," which it clearly did.  <u>See</u> Brief for the Appellant at 4; <u>Cf.</u> <u>In re Cousins</u>, BK No. 90-12162-MWV, slip op. at 5-6 (Bankr. D.N.H. Feb. 2, 1999).

[3]Section 1222, titled "Contents of plan," provides:

(a) The plan shall—

    (1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

    (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim . . . .

11 U.S.C.A. 1222(a) (West 1999).

5

1322(a)(2) as opposed to that of section 1129(a)(9)(C)," and "provided that payment of this tax claim without interest would be 'full' payment." Id. "This plain language, taken with the prevailing judicial interpretation existing at the time of enactment, argues strongly for [the debtor's] position." Id.

The Bossert court concluded that the government's argument "that Congress established one standard for Plan confirmation, i.e., payment of priority tax claims without interest over the term of the plan, but a different rule as to the effect of discharge, i.e., interest continues to accrue on the tax debt post-filing," was a complicated and less straightforward interpretation of the statute. Id. "Congress did not engage in the cynical statutory slight of hand suggested by the IRS." Id. Moreover, the court reasoned, the burden on the treasury of the debtor's interpretation of the plan was minimal in light of the "very limited" number of debtors who qualify for Chapter 12 relief, as opposed to the "vastly more numerous Chapter 13 debtors." Id.

The bankruptcy court in Mitchell v. United States reached the same conclusion as the Bossert court, citing the Bossert decision and agreeing that "the purpose of Chapter 12 is to allow the family farmer to rewrite his obligations to his creditors in the form of plan payments." Mitchell v. United States (In re

<u>Mitchell</u>), 210 B.R. 978, 983 (Bankr. N.D. Tex. 1997), <u>aff'd</u> No. 597-CV-0275-C, slip. op. (N.D. Tex. 1997), <u>appeal dismissed per stipulation</u>, No. 98-10141 slip. op. (5th Cir. 1998). The <u>Mitchell</u> court reasoned that "the tax debt would be paid in full by the family farmers because of the priority status of the debt." <u>Id.</u> Therefore, "the nondischargeability section of Chapter 12 would be inapplicable, since the debt was paid as required."

Nonetheless, the IRS's position is that although a plan need not provide for payment of the post-petition interest on the tax claims, the IRS is nonetheless entitled to seek such interest from the debtors after the debtors have been discharged from bankruptcy. The IRS reasons, without authority, that:

> [S]ince section 1222(a)(2) requires that a Chapter 12 plan provide for the full payment of priority claims, but section 1228(a)(2) provides that priority tax claims are not discharged upon completion of the plan, Chapter 12's statutory scheme demonstrates that there is some component of priority tax claims that continues even after the completion of the plan. That component is postpetition interest. Postpetition interest is the only part of the priority tax claim that (like Chapter 13) is not required to be paid under the plan but (unlike Chapter 13 cases) is not discharged either. Therefore, in Chapter 12 proceedings postpetition interest survives plan completion and remains a liability of the debtor.

Brief for Appellant at 7.

The court finds the significance attached by the IRS to the

7

difference between section 1222's requirements for plan confirmation and section 1228's discharge provisions unwarranted. Section 1222(a)(2) provides "for the full payment, in deferred cash payments, of all claims entitled to priority under section 507," which includes "allowed unsecured claims" of governmental units for pre-petition taxes on income. 11 U.S.C.A. § 507(a)(8). In contrast, section 1228(a) excepts from discharge debts specified by section 523(a)(1), which includes "taxes that are entitled to priority under section [507(a)(8)] whether or not a claim for such tax is filed or allowed." Hanna v. United States, 872 F.2d 829, 830 (8th Cir. 1989). Therefore, the significance of section 1228(a)'s provisions for nondischargeable tax debts when compared to section 1222(a)'s plan requirements would seem to lie in section 1228(a)'s preservation of tax claims that were never filed or otherwise disallowed. See HR Rep No. 595, 95th Cong. 1st Sess 363-363; S Rep No. 989 95th Cong, 2d Sess 77-78 (1978) (identifying tax debts as non-dischargeable "[w]hether or not the taxing authority failed to file a claim against the estate or filed its claim late.").

The IRS cites Bruning, 376 U.S. at 360, in support of its conclusory statement that "[i]t is well settled that a debtor remains liable for postpetition interest on a tax claim that is

8

excepted from discharge in a bankruptcy proceeding."[4]  However, the court finds the IRS's reliance on Bruning unpersuasive for the reasons cited by other courts, including, inter alia:  (1) Bruning is a pre-code decision under what would now be Chapter 7 as opposed to the Chapter 12 case presently before this court; (2) Chapter 12 requires payment in full of priority non-dischargeable tax debt as a precondition to discharge; (3) pursuant to section 1222, under Chapter 12 the prescribed terms of full payment of the non-dischargeable tax debt do not include post-petition interest; and (4) Bruning relied in part upon the absence of Congressional intent to the contrary, while Congress's choice to pursue a no-interest payment formula under Chapter 12 evidences an intent that the "debtor would not be liable for post-filing interest on his tax obligations if he successfully performed his Plan and received a discharge."  In re Bossert, 201 B.R. at 558; accord In re Bossert, 230 B.R. at 173.[5]

_____

[4]This assertion is overbroad and inaccurate.  If it were accurate there would be little need for discussion on appeal. Indeed, where courts have addressed the issue in circumstances similar to those present in this case, they have ruled to the contrary of the IRS's assertion.  See In re Bossert, 201 B.R. 553 (Bankr. E.D. Wash. 1996), aff'd, 230 B.R. 172 (E.D. Wash. 1999); In re Mitchell, 210 B.R. 978 (Bankr. N.D. Tex. 1997), aff'd, No. 597-CV-0275-C, slip. op. (N.D. Tex. 1997), appeal dismissed per stipulation, No. 98-10141 slip. op. (5th Cir. 1998).

[5]Finally, the court finds unpersuasive the IRS's reliance on In re Associated Air Servs., 75 B.R. 47, 49 (Bankr. S.D. Fla. 1987), for the proposition that interest on unpaid taxes is "part

<u>Conclusion</u>

In light of the above discussion, the court affirms the decision of the bankruptcy court.  The appellees' costs on appeal are taxed against the appellant pursuant to Fed. R. Bankr. P. § 8014.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

June 22, 1999

cc:   Paul M. Gagnon, Esquire
      Henry J. Riordan, Esquire
      Nancy H. Michels, Esquire
      Lawrence P. Sumski, Trustee
      George Vannah, Clerk, USBC

---

and parcel of the tax due under the Internal Revenue Code."  The issue before that court was whether interest on post-petition taxes was allowable as an administrative expense under 11 U.S.C. § 503.  It is unrelated to the present issue; the IRS has not established its bearing on the present situation, and the court's statement, taken out of context, does not have universal applicability throughout the Bankruptcy Code.